(No. 13023.—Decree modified and affirmed.)

OSCAR HEINRICH, County Clerk, *vs.* CHRISTOPHER HARRIGAN, Exr. Appellee.—(THE PEOPLE *ex rel.* The County of Peoria, Appellant.)

*Opinion filed February 18, 1920.*

APPEALS AND ERRORS—*executor's appeal stays enforcement of order for his removal.* Where the Supreme Court, on appeal, decides that a certain sum of money belongs to the estate of a decedent and remands the cause with directions that the money be paid to a named person "as sole executor," it is not error for the trial court, upon re-instatement of the case, to order the money paid to said executor although an order for his removal and the appointment of an administrator with the will annexed has been entered, from which an appeal is pending in the Appellate Court, as the appeal stays all proceedings to enforce the order, and such person is still the nominal executor though without power to administer the estate before the appeal is determined.

APPEAL from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

C. E. McNEMAR, State's Attorney, (DAN R. SHEEN, of counsel,) for appellant.

MANSFIELD & COWAN, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This case concerns a fund of something over $1500 which is in the custody of the clerk of the circuit court of Peoria county. The money is the proceeds of the redemption of lands from tax sales, the certificates of sales for taxes being the property of Michael Harrigan in his lifetime. After Harrigan's death they were claimed by his brother, Christopher, individually. At the time of his death Michael Harrigan was liable for unpaid taxes for ten years, amounting to over $5000, and the county clerk, by direction of the county of Peoria, sought to apply the redemption money in his hands on payment of taxes. Christopher and Kate Harrigan, his sister, were executors of the will of Michael Harrigan. Christopher brought an action of assumpsit in his individual capacity against the county clerk for the redemption money, whereupon the county clerk filed a bill of interpleader, making Christopher and Peoria county defendants, and prayed they be required to interplead and settle the right to said fund and that Christopher be enjoined from prosecuting his action of assumpsit. By order of the court the money in dispute was deposited with the clerk of the circuit court pending a hearing and decision. The executors did not inventory the tax certificates and redemption money as property of the estate of Michael Harrigan, and a citation was issued by the probate court commanding them to show cause why they should not so inventory it, and on a hearing the court found it was the property of the estate and ordered it so inventoried. The executors in their representative capacity appealed from that order to the circuit court, and by agreement that cause and the interpleader were considered and tried together. At the time of the hearing Kate Harrigan was dead, leaving Christopher sole executor. In his answer to the interpleader bill he claimed

the money and tax certificates in his individual capacity and disclaimed them as executor. Such proceedings were had that the court found and decreed that neither Christopher Harrigan nor the county of Peoria was entitled to the money in that action and that the interpleader case should be continued until the legal owner should appear and ask for the money, and dismissed the county of Peoria from the suit without prejudice to its right to prosecute its claim for taxes probated in and allowed by the probate court and then pending on appeal in the circuit court. The county treasurer had asked to intervene in the interpleader suit but was denied leave, and he and Peoria county appealed to this court, where the judgment was reversed in part and the cause remanded with directions. (*Heinrich* v. *Harrigan,* 288 Ill. 170.) In so far as the decree found the money and property belonged to the estate of Michael Harrigan and not to Christopher it was affirmed, but this court held it should be turned over to the executors of the estate of Michael Harrigan, and as it appeared from the record that Christopher was sole executor, the circuit clerk was directed to pay the money in his hands "to Christopher Harrigan as sole executor, and that said executor hold said funds as the property of the estate of Michael Harrigan, to be paid out by him in due course of administration." The opinion of the court was filed at the April term, 1919, and a rehearing denied in June, 1919. The case was reinstated in the circuit court and came up for hearing July 14, 1919. It appears the probate court, on a petition filed praying the removal of Christopher Harrigan, entered an order October 4, 1918, removing him and appointing E. J. Galbraith, the public administrator, administrator with the will annexed, and he qualified and letters issued to him October 7. On the 16th of October Christopher prayed and was allowed an appeal from that order to the circuit court upon his giving bond in the sum of $15,000, with surety to be approved by the court. On the 24th of October he

filed the appeal bond and the same was approved. The cause was heard *de novo* in the circuit court on June 21, 1919, and a decree was entered affirming the judgment of the probate court removing Christopher Harrigan from the office of executor and appointing Galbraith administrator with the will annexed. Thereupon Christopher Harrigan, as executor and individually, prayed and was allowed an appeal to the Appellate Court for the Second District upon his giving bond in the sum of $30,000. He filed the bond, which was approved, and the case is now pending in the Appellate Court. When this case came on for hearing after remandment, Christopher Harrigan as executor and Christopher Harrigan individually moved the court for an order that the clerk pay the money in his hands to Christopher Harrigan, executor of the estate of Michael Harrigan, and for all proper orders pursuant to the mandate of this court. The county of Peoria filed a motion asking that the fund be paid to Galbraith, administrator, and not to Christopher Harrigan, because, as alleged, he had been removed, and the records showing the judgments of the probate court and circuit court referred to were shown in support of the motion. The motion prayed that the circuit court hear the contest between Harrigan and Galbraith and determine who is entitled to the money. Much other documentary proof was also offered in support of the motion. The court refused to hear or consider the proof offered, on the ground that the remanding order of this court contained specific directions to enter a decree that the money be paid to Christopher Harrigan as sole executor of the estate of Michael Harrigan, to be held as funds of the estate by him and paid out in due course of administration, and a decree was entered accordingly, from which this appeal is prosecuted by the county of Peoria.

It has been definitely and finally settled by this court that the money in controversy is the property of the estate of Michael Harrigan and not the property of Christo-

pher Harrigan. The question involved in this case now is, to whom shall the clerk pay it? Christopher Harrigan, as executor, claims it on the ground that he is the executor, and on the former appeal this court directed that it be paid to him as sole executor. Appellant contends that he has been removed from that office (which did not appear from the record in the former appeal) and that the direction to pay the money to Christopher Harrigan, executor, cannot be carried out as he is not such executor. It is true, the probate court entered an order and decree removing him and appointing Galbraith administrator with the will annexed. Christopher appealed to the circuit court, where the judgment was affirmed, and he prosecuted a further appeal to the Appellate Court for the Second District, where it is still pending. The effect of the appeal operated to stay all proceedings to enforce the judgment. The probate and circuit courts lost jurisdiction of the subject matter and the parties when the appeals were perfected and could make no further orders affecting the rights of the parties. (*Cowan v. Curran,* 216 Ill. 598; *Merrifield v. Piano Co.* 238 id. 526.) In *Ex parte Thatcher,* 2 Gilm. 167, the county commissioner's court entered an order removing the clerk from office and appointing his successor. The clerk appealed from the order, and it was held that operated as a *supersedeas* and there was no vacancy in the office. Pending the appeal the executor's authority to proceed with the administration of the estate is suspended, but the office is not vacant until it is so determined on the appeal, and Galbraith was not authorized to act as and discharge the duties of administrator. In the former appeal this court was not advised that Christopher Harrigan had been ordered removed and that the correctness of the order was pending on appeal. What we really decided was that the money in the clerk's hands should be paid to the executor of Michael Harrigan, and not knowing of the order of removal and the appeal, the payment was directed to be made to Christopher

"as sole executor." His powers and authority as executor being suspended during the pendency of the appeal, we would not, had we known the situation, have mentioned his name as executor. He is still nominally executor, without power to proceed to administer the estate until the appeal is decided. If the judgment removing him and appointing Galbraith administrator with the will annexed is affirmed, the latter would be entitled to the money and to proceed to administer the estate. The circuit court strictly followed the mandate of this court in ordering the money paid to Christopher Harrigan as sole executor and we cannot say it erred in doing so, although we would have been entirely satisfied if the court had declined to make any order for the payment of the money to anyone until the question who is the executor or administrator was finally determined.

It is insisted the appeal from the order of the probate court removing Christopher Harrigan as executor was in his individual capacity from a judgment for costs. The judgment of the circuit court recites the case was heard on appeal from a decree of the probate court removing Christopher Harrigan as executor and appointing Galbraith administrator with the will annexed and taxing the costs against Christopher personally; that the cause was heard *de novo* and the judgment was in all respects affirmed. It was ordered that a certified copy of the circuit court order be filed in the probate court as an order of *procedendo*. The appeal from the circuit court was prayed and allowed to Christopher Harrigan as executor and also as an individual and bond filed accordingly. Some question is raised as to the conditions of the bond not being sufficient, but we do not consider that a proper question for this court.

The order will be modified to direct that the money be paid to the personal representative of Michael Harrigan, deceased, when it is finally determined who is such personal representative, and as thus modified it will be affirmed.

*Decree modified and affirmed.*