A. A. WORSLEY *et al.* Appellants, *vs.* ENA WELCH, Appellee.

*Opinion filed April 24, 1925.*

FREEHOLD—*order of probate court establishing heirship does not involve a freehold.* The table of heirship entered by the probate court in the administration of the estate of a decedent is merely *prima facie* evidence of title, and the order establishing such table does not involve a freehold, as the probate court has no jurisdiction to divest heirs of the title which descends to them upon the death of the ancestor.

APPEAL from the Circuit Court of Cook county; the Hon. WALTER BREWER, Judge, presiding.

FISHER, BOYDEN, KALES & BELL, (WALTER L. FISHER, THOMAS L. MARSHALL, JOSEPH E. WINTERBOTHAM, and JOHN F. VOIGT, of counsel,) for appellants.

CHARLES J. TRAINOR, and JOHN J. COBURN, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Charles F. Swigart died intestate October 17, 1917, seized of real and personal property. The public administrator was appointed administrator of his estate by the probate court of Cook county, and on October 22 proof of heirship was made, showing Emma Swigart, the insane sister of deceased, to be his sole heir. December 14, 1922, Ena

Welch filed her petition in the probate court alleging that she was the lawful daughter and only heir of deceased, and praying that the table of heirship theretofore entered be set aside and that she be decreed to be the sole heir of deceased. There was a long hearing in the probate court. Scores of witnesses testified and many exhibits were examined. At the conclusion of the hearing the court denied the prayer of the petition. From this order an appeal was prayed and perfected to the circuit court of Cook county, and after another long hearing, during which about two hundred witnesses testified and two hundred exhibits were received in evidence, the table of heirship theretofore entered in the probate court was set aside and an order was entered finding the petitioner, Ena Welch, to be the lawful daughter of Charles F. Swigart, and that she is his only heir. This appeal followed.

This appeal is prosecuted directly to this court on the ground that a freehold is involved. The proceedings appear to have been brought under the provisions of section 2 of the act of 1909, which authorizes courts exercising probate jurisdiction to ascertain and declare the heirship of a deceased person. (Smith's Stat. 1923, p. 24.) Upon the death of an ancestor dying intestate his real property descends immediately to his heirs, and the probate court is without jurisdiction to divest such heirs of their title. The table of heirship entered by the probate court is merely *prima facie* evidence of title, and it is manifest that the order establishing such a table does not involve a freehold. We are without jurisdiction to determine any of the questions involved in this proceeding or to enter any order except one transferring the cause.

This cause is transferred to the Appellate Court for the First District.        *Cause transferred.*