GRACE M. SAUNDERS, Appellant, *vs.* MARIAN B. SAUNDERS *et al.* Appellees.

*Opinion filed October 28, 1926.*

FREEHOLD—*order finding heirship under act of 1909 does not involve a freehold.* An order of the county or circuit court, in the exercise of probate jurisdiction under section 2 of the act of 1909, finding and declaring the heirship of a deceased person, merely establishes *prima facie* evidence of such heirship which may be overcome, and such order does not involve a freehold, as it neither invests nor divests title to land or other property of the deceased.

APPEAL from the Circuit Court of DuPage county; the Hon. MAZZINI SLUSSER, Judge, presiding.

EDWARD J. KELLEY, and HENRY J. GIBBS, for appellant.

CHARLES W. HADLEY, and JOHN W. LEEDLE, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

James Saunders, a resident of DuPage county, died testate on May 19, 1921. His will was admitted to probate in that county July 6, 1921. By the terms of the will he nominated and appointed Marian B. Saunders as executrix of his will without bond, referring to her therein as his beloved wife. In his will he made certain devises and bequests to his children and grandchildren, to church and lodge organizations, and then devised to his said wife, Marian B. Saunders, all of the "rest, residue and remainder" of his estate, real, personal and mixed, of every kind and nature whatsoever, of which he might die seized or possessed. Marian B. Saunders was appointed and qualified as executrix. Proof of heirship was thereafter made in the county court and an order was entered by the court recit-

ing and finding that James Saunders died leaving him surviving as his widow and next of kin and only heirs-at-law, Marian B. Saunders, widow, George Saunders, son, and five grand-daughters, naming them. Thereafter appellant in this case filed her renunciation of the will in the county court in the estate of James Saunders, deceased, and a bill in the circuit court of DuPage county to contest the will, styling herself therein as Grace M. Saunders, and alleging therein that she was the widow of James Saunders, deceased. A demurrer to the bill was sustained by the circuit court on the ground that she was not a person interested in the will within the meaning of section 7 of our statute on wills and had no right to contest the will. The decree of the court was affirmed in *Saunders* v. *Saunders,* 310 Ill. 371. At the July term, 1922, of the county court of DuPage county Grace M. Saunders, appellant herein, filed her petition in said estate, alleging that she was married to James Saunders at Milwaukee, Wisconsin, October 31, 1899; that they were never divorced and that she was entitled to her legal share in his estate as his widow; that she was not included in the order of heirship of the county court either as widow or heir of James Saunders, deceased, and had not been included as such in any of the pleadings and documents filed in said estate, and prayed that the said order of heirship be vacated and set aside and that a proper and necessary order be entered therein to properly conserve her rights in the estate. Upon a hearing the county court dismissed the petition and Grace M. Saunders appealed from that order to the circuit court of DuPage county. By leave of the circuit court Marian B. Saunders filed an answer to the petition of appellant, as executrix of the estate of James M. Saunders, deceased, denying the material allegations of the petition. It was also alleged in the answer that while appellant lived in Glen Ellyn, in said county, she was known as Grace M. Matthews; that she was married to Daniel R. Lawrence in

February, 1902, at Glen Ellyn, and lived with him there and in Chicago for several years, and that in 1921 she obtained a decree of divorce from him in the State of Wisconsin; that Marian B. Saunders was married to James M. Saunders at Glen Ellyn in October, 1905, and continued to live with him there as his wife until his death. Upon the hearing *de novo* in the circuit court, and at the conclusion thereof, that court sustained the motion of the executrix aforesaid, and of the devisees and legatees under the will, to dismiss appellant's petition for want of equity and to confirm the order of the county court aforesaid. This appeal is prosecuted from the order and decree of the circuit court.

The proceedings in the lower courts were had under section 2 of the act of 1909, authorizing them, in the exercise of their probate jurisdiction, to ascertain and declare the heirs of a deceased person. (Smith's Stat. 1925, par. 145, chap. 3, p. 85.) The effect of the order of the court is simply to establish *prima facie* evidence of such heirship, as declared by section 3 of the act. It is clear from the provisions of the statute that in any proceeding in which the question of heirship is really involved that the *prima facie* evidence established by the order may be overcome, and that such an order neither invests nor divests title to real estate or to personal property of the deceased. No question of freehold or other question is therefore involved which may give this court jurisdiction of this appeal. *Worsley* v. *Welch,* 317 Ill. 90.

The cause is transferred to the Appellate Court for the Second District.         *Cause transferred.*