(No. 20177—

CLARA FISHER, Appellant, *vs.* BONNIE M. VANDRY *et al.* Appellees.

*Opinion filed June 20, 1930—Rehearing denied October 11, 1930.*

CHURCH, HAFT, ROBERTSON & CROWE, for appellant.

COCHRANE & GEORGE, and FREDERICK A. BROWN, guardian *ad litem,* for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellee Bonnie M. Vandry, claiming to be the widow of Inman E. Vandry, deceased, applied for and was granted letters of administration on his estate. Subsequently Clara Fisher, the sister of Inman E. Vandry, and her brothers and sisters, filed a petition claiming to be the sole heirs of the deceased, and that appellee was not the wife of and had never been lawfully married to Vandry, and that letters of administration granted to her should be revoked.

Bonnie M. Vandry (hereafter designated appellee) and Inman E. Vandry had both resided for some time in the State of Illinois. Prior to their alleged marriage they were engaged in a business that required traveling from place to place, and appellee spent some time in the State of Indiana. In her answer to the petition appellee alleged that she was lawfully married to Vandry on April 4, 1923, at Fort Wayne, Indiana, by Rev. Jacob Ahner. There was no impediment to their marrying in the State of Illinois or elsewhere. After the alleged marriage appellee and Vandry lived together as husband and wife and there was born to them a child, which was named Inman E. Vandry, Jr. They purchased and obtained title to property in Illinois as husband and wife. Petitioners contended the marriage in Indiana was not legal, and that the parties living together in this State as husband and wife after the alleged marriage was of no consequence because of the statute of Illinois abolishing common law marriages. The probate court of Cook county held appellee to be the legal wife of Vandry and that the child was his legitimate son. Petitioners appealed to the Cook county circuit court, and that court was of the same opinion as the probate court and entered its order accordingly. Clara Fisher, one of the petitioners, has prosecuted an appeal direct to this court.

There is no question involved in this case which gives this court jurisdiction of a direct appeal from the circuit court. The constitution or validity of a statute is not in-

volved and there is no freehold involved. The appeal should have been taken to the Appellate Court. *Worsley* v. *Welch,* 317 Ill. 90; *Saunders* v. *Saunders,* 323 id. 43.

The cause will therefore be transferred to the Appellate Court for the First District. *Cause transferred.*