(No. 20306.— ▮▮▮▮▮▮▮▮)

JOHN HEALEA *et al.* Appellants, *vs.* NELLIE D. VERNE, Appellee.

*Opinion filed February 18, 1931—Rehearing denied April 10, 1931.*

326

CHARLES M. PEIRCE, and HERRICK & HERRICK, for appellants.

CHARLES A. ZWENG, ADLAI H. RUST, and HALL, MARTIN, HOOSE & DEPEW, (EDWARD BARRY, JR., of counsel,) for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

William H. Healea died intestate on December 20, 1927. He owned the southwest quarter of section 2 in town 21 north, range 4 east of the third principal meridian, in McLean county, which descended to his heir or heirs, and the question in this case is, Who is or are his heir or his heirs? He left no widow but was survived by a brother, John, and four nephews and a niece, Amy Healea Demaree, the children of his deceased brother, George, and these were his heirs in the absence of surviving issue. Whether he left issue surviving is the decisive question in this case and it must be determined from the pleadings. The brother and four nephews filed a bill in the circuit court of McLean county to the February term, 1930, for the partition of the land, alleging that they and Amy Healea Demaree inherited it in fee simple from William H. Healea, and that no other person had any interest in it except Sam Truax, a tenant under a lease expiring on March 1, 1930, and the Ætna Life Insurance Company, and that Nellie D. Verne claimed that she was the daughter and heir of Healea but such claim is untrue. Amy Healea Demaree, Nellie D. Verne, Sam Truax and the Ætna Life Insurance Company were made defendants to the bill.

Nellie D. Verne filed a plea averring that William H. Healea died intestate on December 20, 1927, leaving no widow but leaving the defendant his child and sole heir-at-law, and on December 29 she filed in the probate court her petition for letters of administration on his estate, alleging that she was a resident of the State of Illinois, that Healea left no widow but left surviving him the defendant, Nellie D. Verne, his daughter and only heir, and praying that letters of administration on his estate be granted to her; that the petition was heard on the same day, and the court ordered letters of administration to be granted to her

upon her filing a bond, which was then and there approved by the court and letters of administration were thereupon issued to her; that on December 30, 1927, a petition was filed in the probate court by the complainants and Amy Healea Demaree, moving the court to vacate the order appointing Nellie D. Verne administratrix and finding the heirship of Healea, on the grounds that letters of administration were obtained by fraud, that Nellie D. Verne was not the daughter of Healea and the latter left no children surviving him; that the petition was heard by the court, and on January 26, 1928, an order was entered by the probate court, all parties being present in person in open court and by their counsel, finding that Nellie D. Verne was not the child of Healea and was not his heir, setting aside the former finding that she was his child and only heir and the order appointing her administratrix of his estate. From this order she appealed to the circuit court, which, upon a hearing at the April term, 1928, also found that she was not the daughter of Healea and entered its decree against her, from which she appealed to the Appellate Court for the Third District. That court reversed the judgments of the circuit and probate courts and remanded the cause, with directions to the probate court to enter a decree finding Nellie D. Verne to be the sole heir of Healea. Upon the filing of the mandate of the Appellate Court in the circuit court the latter court entered a decree in accordance with the mandate that Nellie D. Verne was the sole heir of Healea, and ordered the clerk of the court to certify the cause, together with a copy of the circuit court's decree, for final disposition to the probate court of McLean county. The mandate was also filed in the probate court, and that court also entered a decree in accordance with the mandate, finding Nellie D. Verne to be the sole heir of Healea, revoking and setting aside the order revoking the letters of administration issued to her, and reinstating and declaring in full force and effect her appointment as administratrix of the estate

of Healea. The plea was set down for argument and was allowed. The complainants declining to plead further, a decree was entered dismissing the bill for want of equity, from which they appealed.

The plea relied as a defense to the bill upon the final judgments of the circuit court and the probate court on the petition of the appellants and Amy Healea Demaree filed on December 30, 1927, for revocation of the letters of administration issued to the appellee on December 29, 1927. No appeal or writ of error was prosecuted to review either of these judgments but so far as the record shows they remain in full force. The probate court has original jurisdiction of all probate matters and the settlement of estates of deceased persons. It had authority to appoint the appellee administratrix, and it had the power to remove her and revoke her letters only for the causes mentioned in the statute. (*Munroe* v. *People,* 102 Ill. 406; *Clark* v. *Patterson,* 214 id. 533.) These causes are contained in sections 19, 26, 28, 29, 30, 31, 32 and 36 of the Administration act, and the only cause mentioned which could be regarded as applicable here is the granting of the letters to the appellee upon her false pretense that she was William H. Healea's child. It was upon that ground that the letters were first revoked, and it was upon the subsequent finding that she actually was his daughter that the revocation was set aside and she was restored to her position as administratrix. The sole fact in issue on the petition for the revocation of letters was whether the appellee was Healea's daughter, and when the probate court found that she was not his daughter, the revocation of the letters for the false pretense that she was, followed as a matter of course. When the circuit court also found and decreed that she was not his daughter, the decree, to have been strictly technical, should have expressly allowed the petition and motion of the appellants to revoke the letters of administration. However, an appeal was taken from the decree which was actually

rendered, to the Appellate Court. The trial in the circuit court was *de novo,* and it was the decree in that court, only, which was under review in the Appellate Court. (*Barnes* v. *Earle,* 275 Ill. 381.) The decree was reversed, the judgment being that "the order and decree of the circuit court and probate court of McLean county should be reversed and a decree entered in said probate court finding and determining that Nellie D. Verne is the sole heir-at-law of William H. Healea, deceased." The order reversing the decree of the probate court was superfluous. It had no effect, for the appeal to the circuit court stayed all the proceedings of the probate court (*Heinrich* v. *Harrigan,* 291 Ill. 294,) and removed the jurisdiction of the cause to the circuit court, whose decree, alone, the Appellate Court could review. The superfluous order purporting to reverse the decree of the probate court did not, however, render void the reversal of the decree of the circuit court. Technically the circuit court should itself have entered the order denying the petition and motion of the appellants to vacate the order appointing Nellie D. Verne administratrix and finding the heirship of Healea, but its decree finding her to be the sole heir-at-law of Healea was conclusive of that fact and it stands unreversed and in full force. The certifying of the cause to the probate court for final disposition did not render the decree void, and, though it was unnecessary and useless, it did no harm.

The appellants regard these proceedings as merely steps taken to procure an order declaring the heirship of William H. Healea under the act of June 10, 1909, authorizing courts having probate jurisdiction to ascertain and declare the heirship of deceased persons. (Laws of 1909, p. 3.) The first step taken immediately after the death of Healea was the filing of the petition of the appellee for letters of administration, alleging that she was his daughter. Under section 18 of the Administration act, if she was his daughter (since he left no widow) she was in the class eligible to be

appointed administratrix, and the court appointed her and letters of administration were issued to her. Having been appointed her letters could be revoked only for one of the causes mentioned in the statute, upon notice to her and upon a hearing. Thereupon the appellants and Amy Healea Demaree filed their petition moving for the revocation of the letters and vacation of the order appointing Nellie D. Verne administratrix and finding the heirship of Healea. This was all in accordance with the practice in all courts having jurisdiction in probate matters for many years before 1909 and before the enactment of the act of that year authorizing courts having probate jurisdiction to ascertain and declare the heirship of deceased persons and had no reference to that act. Long before the passage of that act probate courts appointed administrators in the same way as in this case, upon the sworn petition of one claiming to be an heir, and if anyone desired to question the grant of letters for any fraud in obtaining them, he did so, as in this case, by petition or motion to set aside the order and revoke the letters. The cause was heard and if the fraud was proved the letters were revoked and the judgment of the court was conclusive on every issue in the case, subject, however, to be reviewed by appeal to the circuit court. The conclusiveness of the judgment, which always existed before the act of 1909, was not affected by the act. The practice was the same and the conclusiveness of the judgment was the same after the passage of the act as before.

The plea sets up what is known as an estoppel by verdict, which arises when a particular material fact in any litigation has been determined in a former litigation between the same parties or between parties with whom the parties to the subsequent litigation are in privity, in which that fact was also material to the issue. In such case the decision of the question in the former litigation is conclusive upon the parties in the later and also upon all persons in privity with them, and that question cannot be litigated again be-

tween the parties in that case or their privies in any subsequent action in the same court or any other court, whether the question arises upon the same or a different cause of action, whatever may have been the nature or purpose of the action in which the judgment was rendered or of that in which the estoppel is set up. (*Hanna* v. *Read,* 102 Ill. 596; *People* v. *Locklin,* 273 id. 106; *Winkelman* v. *Winkelman,* 310 id. 568; *Hoffman* v. *Hoffman,* 330 id. 413; *People* v. *Hart,* 332 id. 467.) The rule extends to the judgments of probate courts, and their judgments and decrees are not subject to review collaterally by the circuit courts for error. *Potter* v. *Clapp,* 203 Ill. 592; *Sheahan* v. *Madigan,* 275 id. 372; *Hoit* v. *Snodgrass,* 315 id. 548.

In *Hanna* v. *Read, supra,* it is said that where the former adjudication is relied on as an answer and bar to the whole cause of action—or, in other words, is claimed to be an answer to all the questions involved in the subsequent action—it must appear that the cause of action and thing sought to be recovered are the same in both suits. The former adjudication in such cases is technically known as estoppel by judgment, but where some specific fact or question has been adjudicated and determined in a former suit and the same fact or question is again put in issue in a subsequent suit between the same parties, its determination in the former suit, if properly presented and relied on, will be held conclusive upon the parties in the later suit, without regard to whether the cause of action is the same or not. This species of estoppel is known to the law as an estoppel by verdict, and although there is the diversity mentioned in the two classes there is no material difference in the principles by which they are governed. The fact that one is made a party to the second suit who was not a party to the first will not defeat the application of the rule of estoppel where such party has no interest which will be affected, and the cause of action need not be the same if the fact or question determined in the first case was material

to the issue in the first case and is material to the issue in the second. (*Markley* v. *People,* 171 Ill. 260; *People* v. *Locklin, supra.*) In this case the parties are the same as the parties in the previous case in the probate and circuit courts and the Appellate Court, except that in the subsequent case, which is now under review, the tenant who had a lease expiring on March 1, 1930, about four months after the bill was filed, and the Ætna Life Insurance Company, which held a mortgage executed by William H. Healea in his lifetime, were made parties defendant. Their rights were not questioned in any way and could not be affected by the litigation. Therefore their being made parties did not affect the application of the doctrine of *res judicata* or estoppel by verdict to the litigation between the appellants and the appellee, who were the only parties who could be affected by it.

In *Potter* v. *Clapp, supra,* upon an application to the probate court for the allowance of a widow's award the children of the deceased appeared and contested the application on the ground that the applicant was not lawfully married to their father, and the judgment of the court allowing the award was held to be a finding of a legal marriage, which was binding on the children upon a bill subsequently filed by the applicant for the assignment of dower in the land of which the decedent died seized.

Counsel for the appellants insist that the plea does not show a controversy in the former proceeding between the same parties or about the same subject matter, but the principles of *res judicata* or estoppel by verdict do not require either of these conditions where a fact material to the issue in both cases has been decided in the first case and where the same parties appear in both cases, even though other persons may be parties in the second case who have no interest which will be affected by the result of the litigation about the fact so controverted in both cases. These parties certainly had a controversy in the county court in which

the whole basis of the relief sought was the allegation of fraud in procuring the issue of letters of administration to the appellee, the fraud consisting in the alleged fact that the appellee was not the daughter of Healea but that he left no children. That was the only fraud alleged, and, of course, it was material to the issue and proof of it was necessary to the order of the court revoking the letters. It was to that question, alone, that all the evidence was directed, and it was on the finding of the court on that question, alone, that the appellee was the daughter of Healea, that the order revoking the issue of letters of administration was based. The whole controversy in this case is based upon the same material question whether the appellee is the daughter of Healea.

It is also contended that the Appellate Court was without jurisdiction because a freehold was involved. No freehold was involved in that litigation. (*Worsley* v. *Welch,* 317 Ill. 90; *Saunders* v. *Saunders,* 323 id. 43; *Fisher* v. *Vandry,* 340 id. 371.) The only question involved was the administration of the estate. The administratrix has nothing to do with the real estate, but her only power in that connection is to apply to the court for authority to sell so much of it as may be necessary to pay the debts of the estate in case of a deficiency of personal assets. The rule has been thoroughly established for many years that a freehold is involved only where the title is put in issue by the pleadings or when by the decree itself the one party loses and the other party gains a freehold, and is not involved where it is only incidentally or collaterally in question and the decision as to the right to relief or the ground of defense is not based upon it. *Cunningham* v. *Cunningham,* 303 Ill. 41.

In *Potter* v. *Clapp, supra,* a freehold was involved, the complainant claiming dower and homestead, freehold estates, and it was held that the judgment of the probate court allowing the complainant a widow's award was con-

clusive upon the heirs who had appeared and contested her application that she was legally married to the decedent and was his widow. This case was decided in 1903, and its effect was to hold that the adjudication of the status and the relations of the persons interested in the estates of deceased persons by the probate court, in the exercise of its jurisdiction, where the parties have appeared and contested the rights, was conclusive in any subsequent litigation between the same parties. This was on the general principle of the conclusive character of an adjudication by any court, of any question material to the issue in a case within its jurisdiction, upon all parties or their privies in any subsequent litigation between the same parties where the same question may be material. This principle is not affected by the act of 1909, which provided a special statutory proceeding for a specific purpose and provided that the judgment in that proceeding should be *prima facie* evidence, only. That act had nothing to do with a contest over the appointment of an administrator and did not affect the conclusiveness which had always characterized such judgments to the same extent as the judgments of all other courts acting within their jurisdiction.

It is objected to the plea that it does not aver that the Appellate Court was a court of competent jurisdiction. This averment was unnecessary. The jurisdiction of the court was apparent from the statements of the plea in regard to the character of the proceedings and the nature of the judgment. The court had jurisdiction of the cause, of the parties and of the subject matter. Whatever errors may have been committed by the Appellate Court or the circuit court, their judgments rendered in the exercise of their authorized jurisdiction cannot be attacked in any court collaterally.

The decree is affirmed. *Decree affirmed.*