Northern Trust Company, et al., as Trustees Under the Last Will and Testament of Simon Reid, Deceased, Appellees, v. Clementine C. Archbold, Administratrix of the Estate of Ambrose B. Chadwick, Deceased, et al., Appellants.

Appeal of Clementine C. Archbold, Individually and as Administratrix of Estate of Ambrose B. Chadwick, Deceased, Appellant.

Gen. No. 40,756.

 Heard in the third division of this court for the first district at the June term, 1939. ██ Opinion filed February 14, 1940.

G. Edwin Mitchell, of Chicago, for appellant.

Goodspeed, Bates & Carter, of Chicago, for appellees; J. Wesley Amundson, of Chicago, of counsel.

Mr. Presiding Justice Denis E. Sullivan delivered the opinion of the court.

On January 23, 1939, the circuit court of Cook county entered a decree from which this appeal is brought by Clementine C. Archbold, individually and as administratrix of the estate of Ambrose B. Chadwick, deceased. The decree appealed from required the defendant, Clementine C. Archbold, individually, to account to herself as administratrix of the estate of Ambrose B. Chadwick, deceased, which estate was at the time pending in the probate court, for the sum of $3,400, the proceeds of the sale of certain property, so that the same would be inventoried among the assets of the said estate, and be subjected to paying claims against said estate, including a sixth-class claim in the sum of $1,279. The appeal is also taken from the order entered November 12, 1936, denying defendants' motion to strike the complaint, and also from the order entered November 29, 1937, referring said cause to a master in chancery instead of dismissing said cause upon the complaint and answer thereto.

The complaint was filed on July 2, 1936 and was called a complaint to set aside fraudulent conveyance, and claimed that Ambrose B. Chadwick was indebted to plaintiffs in the sum of $1,279 for unpaid rent for premises rented to him by plaintiffs for a plumbing office and shop; that he died intestate, December 5, 1935, leaving Clementine C. Archbold, as his sole heir at law and next of kin; that she was duly appointed

and qualified as administratrix of his estate in the probate court of Cook county, Illinois; that plaintiffs filed their claim on February 3, 1936, which was allowed in said probate court as a sixth-class claim on April 13, 1936; that on November 1, 1934, said Chadwick conveyed by warranty deed to his said daughter certain described real estate without consideration for the purpose of defrauding plaintiffs and other creditors; that demand has been made upon said Clementine C. Archbold to inventory said real estate as an asset of said estate.

The prayer of the plaintiff is: (1) that said Clementine C. Archbold inventory all assets of said estate and answer certain interrogatories relating to said real estate; (2) that an accounting be taken; (3) that claims be paid; (4) that a receiver be appointed; (5) that an injunction issue to restrain said Clementine C. Archbold and Cliff R. Archbold, from receiving any assets of said estate or from conveying or incumbering said real estate; and (6) other relief.

On August 4, 1936, defendants filed an answer which by its terms answered each paragraph of the complaint; said answer stated that the real estate which they questioned, did not belong to the estate, but that it belonged to the administratrix and it had been sold to a third party some time before.

The answer further stated that the present property and effects of said Ambrose B. Chadwick, the deceased, which came into the control of the defendant Clementine C. Archbold, or any one for her, have been set forth, inventoried and approved in the probate court in the case of Ambrose B. Chadwick, deceased.

Said answer further stated that the inventory has been filed and an accounting rendered of all property which has come into the hands of Clementine C. Archbold, administratrix of said estate; that the same is *res adjudicata,* and that all of said estate having been accounted for, there is nothing further to account.

On motion of the plaintiffs this answer was stricken in its entirety.

At the time of the striking of the first answer, leave was given to file another answer which second answer was filed on November 23, 1936, and in substance is the same as the first one, and it sets up as a defense that the said Clementine C. Archbold did not inventory the real estate in said estate, as she claimed it as her own; that plaintiffs attempted by citation proceedings in said probate court to force the said Clementine C. Archbold, as administratrix, to inventory said real estate in said estate, which proceedings were decided in said probate court against said plaintiffs, and that said finding was not appealed, and is now *res adjudicata.*

Said answer further denied that the plaintiffs are entitled to have defendant set forth and discover the nature, amount and value of all the property, etc., of said Ambrose B. Chadwick, deceased, as said Clementine C. Archbold as administratrix, has filed her inventory, which said inventory has been approved by the said probate court, and plaintiffs' petition to discover assets in said probate court has been heard by that court and a finding made against plaintiffs therein, which finding is *res adjudicata;* that she has accounted to the probate court for all of said estate and that there is nothing further to account.

Said answer further states that inasmuch as the balance of $82.05 due the undertaker as a first-class claim has been paid by said administratrix from her own funds, no accounting should be required for plaintiffs or anyone else; that plaintiffs are not entitled to a receiver; that there being no property belonging to said estate in the hands of any defendant, and the further fact that the probate court has not relinquished jurisdiction of the subject matter of said estate, no injunction should be allowed.

On November 29, 1937, an order was entered referring said cause for a hearing of testimony and report

of conclusions to a master in chancery. On January 23, 1939, the master filed a report finding in favor of the plaintiffs and recommending the granting of the relief prayed.

The theories of the contending parties are as follows:

Plaintiffs contend that a conveyance from a father to a daughter is a badge of fraud and that the said daughter as the administratrix of her father's estate should be required to inventory as an asset of said estate the real estate conveyed by warranty deed to her 13 months and 4 days prior to her father's death.

Defendants contend that such a conveyance is not a badge of fraud, and the burden of proof is upon the plaintiffs; that the plaintiffs having filed their citation in the pending estate in the probate court and having an adverse ruling there, have a remedy of appeal to the circuit court; that the circuit court does not have original jurisdiction in this case, and that said ruling of the probate court is *res adjudicata;* that the plaintiffs having called the defendant, Mrs. Archbold, as their witness and not producing any evidence of any kind to contradict her, are bound by her testimony and the same must be taken as true.

The circuit court by its decree concludes as follows:

"The Court orders, adjudges and decrees that said Clementine C. Archbold, individually account in the Probate Court of Cook County, Illinois, to herself, as administratrix of said estate, still pending in the said Probate Court, for the said sum of $3,400 and pay the same over to herself as administratrix so that the same may be inventoried among the assets of said estate and be subjected to the payment of claims allowed against said estate, including plaintiffs' claim allowed in said Probate Court. Orders defendant, Cliff R. Archbold, be dismissed without costs.

"The Court reserves jurisdiction to effectuate and carry out this decree and such further orders as may be necessary."

It seems to us that the first two questions to decide are:

First. As to the jurisdiction of the circuit court over a case, which at the same time is pending in the probate court;

Secondly. Where the probate court has decided a question adversely to the plaintiffs, instead of appeal therefrom can they file an original suit in the circuit court to litigate the same question?

One of the first points made by the appellee in support of the jurisdiction of the circuit court is: ''The Circuit Court, not the Probate Court, has jurisdiction to set aside a fraudulent conveyance made by decedent before his death.''

Such question was heretofore decided in the case of *Johnson v. Nelson,* 341 Ill. 119, at p. 121, wherein the late Mr. Justice DeYoung discusses the question of jurisdiction in part as follows:

''The question of jurisdiction, although not raised by either party, presents itself at the threshold of our inquiry and necessarily demands our consideration. Prior to July 1, 1925, sections 81 and 82 of the act in regard to the administration of estates (Cahill's Ill. Stat. 1923, p. 86; Smith's Stat. 1923, p. 17), read as follows:

'' 'Sec. 81. If any executor or administrator, or other person interested in any estate, shall state upon oath, to any county court, that he believes that any person has in possession, or has concealed or embezzled, any goods, chattels, moneys or effects, books of account, papers or any evidences of debt whatever, or titles to lands belonging to any deceased person; or that he believes that any person has any knowledge or information of or concerning any indebtedness, or evidences of indebtedness, or property titles or effects, belonging to any deceased person, which knowledge or information is necessary to the recovery of the same, by suit or otherwise, by the executor or administrator, of which the executor or administrator is ignorant, and that

such person refuses to give to the executor or administrator such knowledge or information, the court shall require such person to appear before it by citation, and may examine him on oath, and hear the testimony of such executor or administrator, and other evidence offered by either party, and make such order in the premises as the case may require.

" 'Sec. 82. If such person refuses to answer such proper interrogatories as may be propounded to him, or refuses to deliver up such property or effects, or in case the same has been converted, the proceeds or value thereof, upon a requisition being made for that purpose by an order of the said court, such court may commit such person to jail until he shall comply with the order of the court therein.' "

Continuing the court said:

"These sections provided a summary method for the recovery of property of the character defined in section 81, which belonged to a decedent at the time of his death, but had come into the possession of a third party prior thereto, and which that party either retained in his possession or had concealed or embezzled. (*Dinsmoor v. Bressler,* 164 Ill. 211). In a case where the decedent's ownership of the property in his lifetime was not disputed, the court might order the respondent, by the authority of sections 81 and 82, to deliver the property, or if he had converted it, the proceeds or value of the property, to the executor or administrator. If, however, the respondent claimed to be the owner of the property sought to be recovered, these sections could not be invoked against him, because he had the constitutional right to a jury trial for the determination of the question of the title to the property, and these sections made no provision for such a trial. Nor were these sections designed to afford the means of collecting a debt owing to the decedent at the time of his death. The title to the goods sold or the money lent, in such a case, had passed to

the debtor or borrower, and sections 81 and 82 were not available to obtain satisfaction of the debt or claim. To accomplish that end, the personal representative was compelled to institute in a court of competent jurisdiction, a plenary action wherein the defendant had the right to a trial by jury. *Martin v. Martin,* 170 Ill. 18; *Sullivan v. Arcola State Bank,* 314 id. 40.

"Sections 81 and 82 of the act in regard to administration of estates were amended by an act approved June 30, 1925, and effective July 1, 1925. (Laws of 1925, pp. 1, 2; Cahill's Ill. Stat. 1929, p. 62; Smith's Stat. 1929, p. 92). The amendatory act made additions to both sections. The additions to section 81 by interpolation are: (1) The statement upon oath by which the proceeding is instituted may be made to the probate court as well as the county court; (2) the respondent's possession or control as distinguished from his possession merely, and his conversion as well as concealment or embezzlement of the property sought may be the subject of inquiry, and (3) the property for the recovery of which the proceeding may be brought and the knowledge or information desired may concern property belonging not only to 'any deceased person' but also 'to the executor or administrator or the estate of any deceased person.' The following provisions, which conclude section 81, were added by the amendatory act: 'The court shall have power to hear, settle and adjudge all controverted questions of title and claims of adverse title and to determine the right of property. Such questions of title and of rights of property, and such claims of adverse title shall be determined, upon the demand of either party, by a trial by jury.'

"No change was made in section 82, except that the amendatory act added the following provisions: 'and if such order is for the delivery of such property or effects the court may enforce such order by execution against the real and personal property of the person thus ordered. With respect to property and effects

concerning which there is raised a question of title, or of the right of property, or claim of adverse title, the court shall (upon trial by jury as provided in the preceding section, if such trial is demanded) enter a judgment according to the right of the matter and enforce the same by execution against the real and personal property of the person against whom such judgment is rendered, or the court may enforce its judgment and order in the premises by proceedings in contempt against any of the parties to said proceedings.' ''

The complaint in the instant case was filed to set aside an alleged fraudulent conveyance of real estate. When the answer was filed it set up several affirmative defenses: First, that the real estate had been sold by the defendant Clementine C. Archbold to a third party and that title was not now vested in her; Secondly, that the plaintiffs had theretofore filed a petition in the probate court alleging in substance the same facts as set forth in the complaint; that a hearing was had and the court decided adversely to plaintiffs and such decision is *res adjudicata* in the present case. No reply was made to this answer as is provided by ch. 110, par. 156, sec. 32, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 104.032], wherein it is said: ''. . . When new matter by way of defense or counterclaim is pleaded in the answer, a reply shall be filed by the plaintiff. . . .''

Chapter 110, par. 164, sec. 40, subparagraph 2, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 104.040], provides:

''(2) Every allegation, except allegations of damages, not explicitly denied shall be deemed to be admitted, unless the party shall state in his pleading that he has no knowledge thereof sufficient to form a belief, and shall attach an affidavit of the truth of such statement of want of knowledge, or unless the party has had no opportunity to deny.''

Instead of replying to the facts set up by way of defense, which shows that a third party held title, and re-

quiring the new parties to the suit to be included if the original purpose of the bill was to be carried out, and taking no notice of the action of the probate court and its decision, the plaintiffs moved the court to strike said answer. This the court erroneously did, but gave to the defendants an opportunity to file a new answer, which they did, setting up practically the same defense as was contained in the first answer, when again the plaintiffs made no issue but admitted to be true the acts constituting the defenses heretofore mentioned. So, the question presented for our consideration is whether the judgment of the probate court entered upon a petition of the plaintiffs therein, being the same parties and the same subject matter as here involved, shall be considered as an estoppel by verdict and *res adjudicata* in the present proceeding.

According to the answer filed to the complaint, which plaintiffs by failing to answer admit to be true, there is nothing in the hands of the administratrix other than the proceeds of the sale of the real estate which the testimony shows to be $3,400.

In the case of *Healea v. Verne,* 343 Ill. 325, the court at p. 334, said:

"In *Potter v. Clapp, supra,* a freehold was involved, the complainant claiming dower and homestead, freehold estates, and it was held that the judgment of the probate court allowing the complainant a widow's award was conclusive upon the heirs who had appeared and contested her application that she was legally married to the decedent and was his widow. This case was decided in 1903, and its effect was to hold that the adjudication of the status and the relations of the persons interested in the estates of deceased persons by the probate court, in the exercise of its jurisdiction, where the parties have appeared and contested the rights, was conclusive in any subsequent litigation between the same parties. This was on the general principle of the conclusive character of an adjudication by any

court, of any question material to the issue in a case within its jurisdiction, upon all parties or their privies in any subsequent litigation between the same parties where the same question may be material. This principle is not affected by the act of 1909, which provided a special statutory proceeding for a specific purpose and provided that the judgment in that proceeding should be *prima facie* evidence, only. That act had nothing to do with a contest over the appointment of an administrator and did not affect the conclusiveness which had always characterized such judgments to the same extent as the judgments of all other courts acting within their jurisdiction.''

Chapter 37, pars. 303, 309 and 309a, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 110.157, 110.163, 110.164], provide in part as follows:

''303 JURISDICTION.] § 5. Probate courts shall have original jurisdiction in all matters of probate, the settlement of estates of deceased persons . . ., and in cases of the sales of real estate of deceased persons for the payment of debts.''

''309 APPEALS.] § 11. Appeals may be taken from the final orders, judgments and decrees of the probate courts to the circuit courts of their respective counties in all matters except in proceedings on the application of executors, administrators, guardians and conservators for the sale of real estate, . . .''

''309a APPEALS.] § 12. Appeals may be taken and prosecuted from the final orders and decrees of the probate court to the supreme court in proceedings on the application of executors, administrators, guardians and conservators for the sale of real estate. . . .''

In *Coffey v. Coffey,* 179 Ill. 283, which was a case somewhat similar to the instant case, the decedent had previous to his death given to the person he named in his will as executor, certain stock certificates signed in blank, which certificates the said executor refused to inventory as assets of the said estate. Certain heirs

then filed their petition in the probate court to compel the said executor to inventory the said certificates, and upon a finding adverse to said heirs, they appealed to the circuit court. The circuit court affirmed the finding and the case was appealed to the Appellate Court. The opinion of the Appellate Court was later adopted and concurred in by the Supreme Court at which time it was held:

"In a proceeding by heirs to compel an executor to inventory shares of stock claimed by him as his own, the fact that he held the stock assigned in blank before the death of the owner raises a presumption of ownership in him which must be overcome before his *prima facie* title will be divested, even though he were held incompetent to testify when and how he got possession."

In *Kepple v. Crabb,* 152 Ill. App. 149, a petition was filed in the county court of McDonough county for a citation on the administrator, a hearing was had and a decree entered in said county court against the administrator; that he then appealed to the circuit court and later appealed to the Appellate Court. The Appellate Court set forth the proper procedure at p. 153, wherein it is stated: "The method of procedure in issuing a citation upon a proper showing by petition, as was done in this case, has been sanctioned by the courts in numerous cases, and it is the proper method of procedure. In the case of *Martin v. Martin,* 170 Ill. 18, the same question was raised and the same procedure was had by citation. . . . The court obtains jurisdiction to act on the filing of the petition, as was done in this case. The pleadings are summary in character, and the court for the purpose of determining the rights of the parties, had full chancery powers and jurisdiction, and the proceeding is had under the rules of chancery practice."

The rule followed in the majority of jurisdictions is that a court sitting in probate has original jurisdiction

to determine the title to property which a personal representative claims as his own. 90 A. L. R. 134, and cases cited; *Martin v. Martin,* 170 Ill. 18; *Healea v. Verne,* 343 Ill. 325.

Plaintiffs relied solely upon the uncontradicted testimony of Clementine C. Archbold, defendant, who was called as their witness. In *Luthy & Co. v. Paradis,* 299 Ill. 380, at p. 383, the court said:

"The appellee claims that it is not bound by the testimony of the appellants though it called them as its witnesses but that the truth may be shown by any competent testimony, even in direct contradiction of what the appellants, as witnesses for the appellee, may have testified to. There is no doubt that this is the law. The trouble about its application to this case is that there is no other competent testimony contradicting the testimony of the appellants. The fact that they may have been impeached by inconsistencies in their testimony or contradictory statements will not supply the lack of proof of the essential elements of the complainant's case. A party who calls his adversary as a witness cannot call in question the latter's credibility. That part of his testimony which makes in favor of the witness must be considered as well as that against him, and if there is no countervailing testimony it must be taken as true. *Sawyer v. Moyer,* 109 Ill. 461; *Bowman v. Ash,* 143 id. 649; *American Hoist and Derrick Co. v. Hall,* 208 id. 597."

In *Chance v. Kinsella,* 310 Ill. 515, the court at p. 523, said: "The appellee called the appellant as her own witness. She was not for that reason bound by his testimony but might show the truth by any competent evidence, even in direct contradiction of what the appellant testified, but she could not call in question the appellant's credibility. The part of his testimony which is in his favor must be considered, and if there is no countervailing testimony it must be taken as true. (*Luthy & Co. v. Paradis,* 299 Ill. 380.) There is no evidence contradicting the testimony of the appellant.

. . . There is no presumption from the mere fact of relationship that a conveyance from a parent to a child is the product of fraud or undue influence. *Hudson v. Hudson,* 237 Ill. 9; *Smith v. Kopiizki,* 254 id. 498.''

From the record in this case we have arrived at the conclusion that the plaintiffs are estopped by the verdict of the probate court when, upon their motion, the probate court entered a judgment against them which should have prevented the circuit court from taking original jurisdiction and without plaintiffs availing themselves of the statutory provisions of appeal. The trial court should have sustained the answer of the defendants, setting forth those facts, instead of striking it on the motion of the plaintiffs.

We further believe that the evidence is not sufficient to justify a setting aside of the transfer from the father to his daughter, as there is no evidence excepting that of the defendants, which is not contradicted by any countervailing testimony upon which to base a finding that defendants' evidence was not true.

The trial court was in error in entering a decree in favor of the plaintiffs and against the defendants.

For the reasons herein given the decree of the circuit court is reversed and the cause is remanded with directions to dismiss said complaint for want of equity.

*Reversed and remanded with directions.*

HEBEL and BURKE, JJ., concur.