(No. 19553.—

MABEL A. LITTLE, Exrx., Plaintiff in Error, *vs.* THE BLUE GOOSE MOTOR COACH COMPANY, Defendant in Error.

*Opinion filed October 23, 1931—Rehearing denied Dec. 8, 1931.*

Louis Beasley, and Edward C. Zulley, for plaintiff in error.

McGlynn & McGlynn, A. M. Fitzgerald, and H. C. Moore, for defendant in error.

Per Curiam: Plaintiff in error procured a judgment in the city court of East St. Louis against defendant in error in the sum of $5000 for the death of her husband, Robert M. Little. The Appellate Court reversed the judgment without remanding and with a finding of fact. The cause is here on writ of *certiorari*.

The declaration consists of two counts. The first is a general charge of negligence, and the second charges that the defendant in error willfully operated its bus, causing injury to the deceased. At the close of plaintiff in error's evidence defendant in error moved to instruct the jury to find defendant not guilty. This motion was denied.

It appears from the undisputed evidence that Dr. Robert M. Little, the deceased, while driving his automobile in the city of East St. Louis collided with a passenger bus

owned and operated by defendant in error, at the intersection of Ridge avenue and Twenty-seventh street, in that city. Defendant in error sued Dr. Little before a justice of the peace for damage to its bus caused by that collision. Evidence was heard and a judgment entered in favor of defendant in error against Dr. Little for $139.35. He appealed from that judgment to the county court. That appeal was later dismissed for want of prosecution and a *procedendo* awarded. During the pendency of the case before the justice of the peace Dr. Little filed a suit in the city court of East St. Louis to recover damages for personal injuries alleged to have been suffered by him in the collision. Some months later a trial was had. After the jury had retired to consider its verdict, but before its verdict was returned, Dr. Little died. His death was suggested on the record and the jury was discharged. Plaintiff in error was by leave of court substituted as plaintiff and filed the declaration here under consideration. Defendant in error filed a special plea to this declaration, setting out the judgment in the justice of the peace court against Dr. Little, alleging that the issue there tried was as to his negligence and that of the driver of the bus, and that that issue was by the judgment of the justice of the peace court settled and could not be raised in the present suit. "A demurrer to that plea was sustained and a judgment was procured on the trial of the case. On appeal to the Appellate Court for the Fourth District that judgment was reversed and the cause was remanded, with directions to overrule the demurrer to the special plea. On re-instatement of the cause in the city court the demurrer was overruled accordingly and plaintiff in error joined issue on the plea of estoppel by verdict. Another trial was had, in which defendant in error offered in evidence the docket of the justice of the peace in the case against Dr. Little, together with a transcript of the judgment and the files in the appeal to the county court. Defendant in error also sought to show by

the justice of the peace before whom the judgment was rendered what issues were before him. On objection of plaintiff in error that the transcript of the evidence taken before the justice of the peace was the best evidence, defendant in error called the reporter who took the evidence. He testified that he took the evidence in shorthand and transcribed the same and turned the transcript over to counsel for plaintiff in error. One of counsel for plaintiff in error was then called to the stand and testified that his firm had the transcript of the evidence, that it was their private property and that they would not produce it. The justice of the peace was then recalled and was permitted to testify that he presided at the trial between defendant in error and Robert M. Little; that the issue was for damages on account of an automobile collision in the city of East St. Louis and that four or five witnesses testified in the case. Defendant in error also showed the entries on the docket of the justice of the peace, showing a summons against Robert M. Little, on complaint of the Blue Goose Motor Coach Company, for failure to pay it a certain demand for damages in an automobile collision. This docket also shows summons returned, personally served; that a trial was had and issues submitted to the justice of the peace; that the cause was taken under advisement, and that later the justice of the peace found the issues for defendant in error, and that Dr. Little was indebted to defendant in error in the sum of $139.35 for damages, and judgment was entered thereon. There was also received in evidence an affidavit filed in the county court by counsel for Dr. Little, who is of counsel for plaintiff in error here. This affidavit, made in support of a motion to set aside the order of the county court dismissing Dr. Little's appeal, stated: "Said defendant has a good defense to this suit for the reason that plaintiff's claim is for damages to the bus caused by and through the negligence of the plaintiff's servants." No evidence was offered on the part of plaintiff in error touching

the issues formed on the special plea. On appeal from this judgment to the Appellate Court that court reversed the same with the following finding of fact: "The court finds that appellant sued Dr. Robert M. Little, appellee's testate, before a justice of the peace for damages to its bus in the collision which occurred on November 1, 1925, and recovered a judgment therefor in the sum of $139.35; that in the rendition of said judgment it was necessarily determined that the collision and damages occasioned to the bus was due to the negligence of Dr. Little, and that immediately prior to his death he could not have maintained an action for personal injuries growing out of the same collision."

The first question arises on the ruling of the Appellate Court invoking against the claim of plaintiff in error the doctrine of estoppel by verdict. It is argued on behalf of plaintiff in error that where a former adjudication is relied on as a bar to a subsequent action it is essential that there be identity both of the subject matter and of the parties, and that in the instant case the subject matter is not the same, as this is the action for death by wrongful act for the benefit of the widow and next of kin, while the former suit was a claim for damages for injury to personal property. The issue on which this case is bottomed was the issue of fact which lay at the base of the judgment recovered before the justice of the peace. The allegation of the special plea is that the issue there raised was one of negligence on the part of Dr. Little on one hand and the defendant in error on the other, and that issue having been determined against Dr. Little, the fact is forever settled between these parties or their privies. Estoppel by verdict arises when a material fact in any litigation has been determined in a former suit between the same parties or between parties with whom the parties to the subsequent suit are in privity, where the fact was also material to the issue. The Appellate Court found as a matter of fact that the issue tried before the justice of the peace was an issue of negli-

gence and was the same issue, arising on the same facts as those relied upon in the action for the wrongful death of Dr. Little, and that the issue of negligence was necessarily determined in the suit by the defendant in error against Dr. Little. That question of fact was tried before the city court in this case, and on the evidence there adduced the Appellate Court made its finding of fact. That issue of fact therefore is not open here, and we are to proceed to further consideration of the cause under the established fact· that the issue of negligence, at least under the first count of the declaration, is the same issue tried before the justice of the peace.

While on appeal to the county court the trial, had there been one, would have been *de novo,* yet when the appeal was dismissed and a *procedendo* was issued to the justice of the peace the judgment of the justice of the peace became a final determination of that issue between the parties, and is conclusive not only upon the immediate parties to that suit but also upon all persons in privity with them, and cannot be litigated again between the parties to that case or their privies in any subsequent action in the same or other court where that question arises, whether upon the same or a different cause of action or whatever may have been the nature or purpose of the action in which the judgment was rendered or of that in which the estoppel is set up. (*Healea* v. *Verne,* 343 Ill. 325; *People* v. *Hart,* 332 id. 467; *Hoffman* v. *Hoffman,* 330 id. 413; *Winkelman* v. *Winkelman,* 310 id. 568; *People* v. *Locklin,* 273 id. 106; *Hanna* v. *Read,* 102 id. 596.) It follows that Dr. Little could not during his lifetime maintain the action filed by him against the defendant in error, and since plaintiff in error's right to recover damages under the Injuries act depends upon Dr. Little's right, during his lifetime, to recover damages for injuries arising out of the same collision, plaintiff in error cannot recover here. (*Mooney* v. *City of Chicago,* 239 Ill. 414.) In a suit under the Injuries

act the cause of action is the wrongful act and not merely the death itself. (*Mooney* v. *City of Chicago, supra; Crane* v. *Chicago and Western Indiana Railroad Co.* 233 Ill. 259; *Holton* v. *Daly,* 106 id. 131.) Plaintiff in error therefore was not entitled to recover under the first count of her declaration, and the Appellate Court did not err in so holding.

It is contended, however, that as the second count of the declaration charges wanton and willful negligence on the part of defendant in error, contributory negligence on the part of Dr. Little is not a defense, and that the judgment of the city court was therefore right. Contributory negligence is not a defense to willful and wanton conduct, but it does not follow that the judgment of the city court was right because of that fact. In all cases charging willful and wanton negligence it is necessary to make proof of such negligence, and where there is no such proof no recovery under such charge can be had. (*Morgan* v. *New York Central Railroad Co.* 327 Ill. 339.) The finding of the Appellate Court that the collision was caused by the negligence of Dr. Little necessarily was a finding of fact on the willful negligence count as well as the general negligence count. Thus the rule that contributory negligence on the part of the plaintiff is not a defense to a charge of willful negligence does not apply. Whether Dr. Little or the bus driver was responsible for the accident was, as we have seen, settled. The judgment for $139.35 necessarily decided that the bus driver was not guilty of willful negligence.

Plaintiff in error's counsel refer to contentions made by them in the Appellate Court of which no notice was taken in the opinion of that court. This court reviews the judgment of the Appellate Court, and reasons given or not given by that court in its opinion do not prevent the affirmance of its judgment if right.

From what we have said it is clear that the Appellate Court was right in reversing the judgment without remanding the case, and its judgment will be affirmed.

*Judgment affirmed.*