Joseph Buglio, Appellee, v. Walter J. Cummings and Daniel C. Green, Receivers, et al., Trading as Chicago Surface Lines, Appellants.

Gen. No. 42,244.

74

Opinion filed December 21, 1942.

FRANK L. KRIETE, WILLIAM C. McHENRY and ARTHUR J. DONOVAN, all of Chicago, for appellants; WILLIAM J. FLAHERTY, of Chicago, of counsel.

JOSEPH BARBERA, of Chicago, for appellee; HARRY G. FINS, of Chicago, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit for damages alleged to have been sustained by him in a collision between the automobile which he was driving and a street car operated by the defendants. The case has been tried twice. The first time the jury brought in a verdict for plaintiff of $5,000. The motion for a new trial was allowed. On this second trial the verdict was for $10,000, and defendants appeal from the judgment.

The complaint alleged general negligence in the operation of the street car and also that defendants' servant wilfully and wantonly operated the street car causing it to collide against the auto which plaintiff was driving. The court refused defendants' motion to strike the wilful and wanton conduct charges and they were submitted to the jury. No special interrogatory was submitted and there was a general verdict in favor of the plaintiff.

Defendant first argues there was no evidence tending to support the charges of wilful and wanton conduct alleged in the complaint. The accident happened about 9 o'clock in the evening of June 29, 1938; plaintiff was driving his Ford auto south in the southbound street car tracks on Ashland avenue in Chicago; 46th street, running east and west, intersects Ashland, and plaintiff testified that when he reached 46th street

he stopped at the safety isle just north of the north crosswalk across Ashland; it was dusk—just coming dark; plaintiff had his "little cowl lights on"; after bringing his auto to a stop he looked east and west, saw no traffic and started to turn left in 46th street; that just as he got past the crosswalk and started to turn left another auto came from the west, eastbound, and stopped in the north bound street car track to let north bound traffic go through; that plaintiff stopped his auto on an angle, with its left front wheel on the west rail of the north bound track; as plaintiff was turning to the left he saw a street car a little more than 200 feet to the south coming north on Ashland; his auto remained standing about 10 or 15 seconds when the auto in front of him started eastward; he was about to start to the left into 46th street when he saw the street car about 10 feet from his auto coming a little better than 10 miles an hour; he heard no gong; his auto was still standing when it was struck by the street car; after he came to a stop and just before he saw the approaching street car 10 feet away he could not say where the street car was because he was watching the auto ahead of him.

The motorman testified that as he was going north on Ashland and arrived at 46th street he stopped on the south side to pick up some passengers; that he got the bell from the conductor and started north, passing over 46th street; he testified there was no automobile or any kind of vehicle coming from the west and going east on 46th street at that time; that he passed over 46th street going about 6 or 7 miles an hour and was about 12 or 15 feet north of the 46th street building line when he noticed plaintiff's auto ahead of him going south and starting to angle into the north bound track; he noticed the driver was "kind of slumped over the wheel"; that he rang his gong twice, applied his brakes immediately and the street car had about stopped when plaintiff's auto struck it; that when he first saw plain-

tiff angle over towards the north bound track he. was about 30 or 35 feet north of the street car and his auto was going 25 or 30 miles an hour. The left front of plaintiff's auto struck the left front of the street car and skidded alongside of the car. The motorman got off the street car, opened the door of plaintiff's auto and with help took him out and took him to a doctor's office which was nearby.

The question of wilful and wanton conduct in accident cases has been the subject of much litigation. One of the leading cases is *Walldren Express & Van Co. v. Krug,* 291 Ill. 472, 477–479, where it was held that to support a charge of wantonness in such cases there must be evidence of reckless disregard of a known duty; that the charge implies an act heedlessly done in disregard of another's rights and not a mere negligent omission of duty. See also *Kalinski v. Williamson County Coal Co.,* 263 Ill. 257, 265; *Chicago R. I. & P. Ry. Co. v. Hamler,* 215 Ill. 525, 540; *Cook v. Big Muddy Carterville Min. Co.,* 249 Ill. 41, 51; *Little v. Blue Goose Motor Coach Co.,* 346 Ill. 266, 272, and many other cases.

The evidence in the present case fails entirely to show that the conduct of the motorman at and before the collision with plaintiff's auto was wilful or wanton. The evidence shows to the contrary—that he used all means available to prevent the collision. The motorman testified that plaintiff's auto appeared on the north bound track suddenly and unexpectedly and there was nothing which he might have done but failed to do to prevent the collision.

Where wilful and wanton conduct are charged and a general verdict is returned it will be presumed to be based upon the charge of which malice is the gist. *Greene v. Noonan,* 372 Ill. 286, 290, followed in *Rowley v. Rust,* 304 Ill. App. 364. Under such circumstances the judgment must be reversed.

Although defendant's brief does not argue whether the charges of general negligence were supported by the preponderance of the evidence, we are impressed by the fact that plaintiff's testimony as to how the accident happened is contrary to that of some five or six other witnesses, who testified that the collision occurred after the street car had passed the north side of 46th street. No witness except plaintiff testified that there was another auto going eastward into 46th street. Four of these testified that plaintiff's auto was going south in the south bound street car track at a speed of 20 to 30 miles an hour and that it suddenly swerved toward the north bound track, striking the left side of the street car; that the motorman sounded his gong and set the brakes and brought the car to a stop suddenly not more than a foot or so past the place where the vehicles collided.

As there must be another trial it is unnecessary to comment upon the amount of the jury's verdict on this second trial, which was twice the amount that was returned on the first trial.

Defendants complain of some of the instructions given at the request of plaintiff. Plaintiff's given instruction No. 1 is open to criticism in that it tells the jury that it may find any fact proved which may reasonably be inferred from the evidence although there may be no evidence as to such fact. This instruction was especially erroneous as touching the highly technical testimony of the doctors. Much of this testimony was speculative and the jury should not be told they might speculate as to the injuries claimed. Instruction No. 3 undertakes to define proximate cause, and improperly assumes there was negligence in the case. Plaintiff's given instruction No. 4 is subject to the criticism that it assumes plaintiff was lawfully attempting to cross Ashland avenue when the street car was approaching. Plaintiff's given instruction No. 10 under-

took to tell the jury what constituted wilful and wanton conduct on the part of defendants. As there was no evidence to sustain the charge of wilful and wanton conduct this instruction should not have been given. The court should have in the first instance sustained defendants' motion that the jury be instructed to disregard the wilful and wanton conduct charges.

Plaintiff stresses the fact that two verdicts in this case have been returned for the plaintiff. In *Blackhurst v. James,* 304 Ill. 586, 593, the Supreme Court said if there is no evidence sustaining the verdict the reviewing court will set it aside ''no matter how many juries have found the same way.''

Plaintiff's argument that the judgment should be affirmed because of the insufficiency of the abstract and no appeal was taken from the order denying the motion for a new trial, is without merit. The record shows that the notice of appeal was in proper form, and was filed with proof of service in apt time. The point made by plaintiff is much like that considered in *People v. Grabs,* 373 Ill. 423, where it was held if there is any insufficiency in the abstract the opposite party shall furnish an additional abstract, making any necessary or further additions.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT, P. J., and O'CONNOR, J., concur.