EVELYN LAMBERT, Adm'r of the Estate of Richard P. Lambert, Jr., Deceased, Plaintiff-Appellee, v. THE VILLAGE OF SUMMIT et al., Defendants.— (METROPOLITAN SANITARY DISTRICT OF GREATER CHICAGO, Defendant-Appellant.)

First District (3rd Division)    No. 80-1504

Opinion filed March 10, 1982.

Allen S. Lavin, of Chicago (Charles W. Boyd and Paul D. Lindauer, Jr., of counsel), for appellant Metropolitan Sanitary District of Greater Chicago.

James T. Holton, of Chicago (A. J. Hardiman and Eugene C. Hardiman, of counsel), for appellee.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Defendant, Metropolitan Sanitary District of Greater Chicago (District), brings this permissive interlocutory appeal pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1979, ch. 110A, par. 308) from an order of the trial court denying both its motion to dismiss and its motion for summary judgment. The appeal presents the question:

"Can a wrongful death action be brought by an administrator if the decedent would have been barred by the two year personal injury statute of limitations from maintaining a personal injury suit immediately prior to his death?"

On April 2, 1976, plaintiff, widow and administrator of the estate of Richard P. Lambert, Jr., filed a wrongful death action against the District and the Village of Summit. In its application for leave to appeal, the District summarized the allegations of the complaint as follows: that in 1951 and 1952, the decedent was the mayor of the Village of Summit; that at that time a controversy existed between Summit and neighboring communities and the District concerning the District's operation of sludge lagoons on its property in the area; that in 1951 and 1952, the decedent's duties as mayor included inspection of the lagoons and adjacent areas, buildings and structures and obtaining samples of the sludge for testing; that the decedent suffered a lung infection as a proximate result of the careless, negligent and improper operation of the sludge lagoons by the District; that as a result of these acts in 1951 and 1952, the decedent died on January 27, 1975; and that the decedent left as his survivors his widow and a daughter.

On April 23, 1976, the District filed a motion to dismiss the complaint on the ground that the administrator was barred by section one of the Wrongful Death Act (Ill. Rev. Stat. 1975, ch. 70, pars. 1, 2) because an action for personal injuries, on the part of the decedent prior to his death, would have been barred by the applicable two-year statute of limitations. On July 15, 1976, the trial court denied this motion "without prejudice" because, in its opinion, the statute of limitations in a wrongful-death action does not begin to run until the date of the decedent's death. Subsequently, on December 12, 1979, the District filed a motion to dismiss on the further ground that at the time of the alleged injury to the decedent, the defense of governmental immunity was still available to the District in actions sounding in tort. This motion to dismiss was merged

into a motion for summary judgment which incorporated depositions showing that Lambert knew and believed from February or March, 1953, to the date of his death that his injuries might have been caused by the occurrences alleged in the complaint. In her reply to the District's motion for summary judgment, plaintiff admitted, for purposes of the motion, that from approximately March 1953 the decedent was aware that the incidents in question could have been the cause of his lung condition which resulted in his death in January 1975. The trial court then entered the order from which this interlocutory appeal is taken, and we allowed the District's application for leave to appeal.

Section one of the Wrongful Death Act (Ill. Rev. Stat. 1975, ch. 70, par. 1) provides:

> "Whenever the death of a person shall be caused by wrongful act, neglect or default, *and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued*, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony." (Emphasis added.)

The act also provides that every such action shall be commenced within two years after the death of such person. (Ill. Rev. Stat. 1975, ch. 70, par. 2.) Under the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, pars. 1 through 12a and 13 through 27), actions for damages for an injury to the person shall be commenced within two years after the cause of action accrued. Thus, the first question presented is whether the expiration, in the decedent's lifetime, of the limitation period applicable to his action for personal injuries will defeat an action under the Wrongful Death Act for his death resulting from the injuries.

The language of section one of the Wrongful Death Act has been construed in several Illinois Supreme Court cases. In *Mooney v. City of Chicago* (1909), 239 Ill. 414, 88 N.E. 194, the court stated:

> "One condition upon which the statutory liability depends is that the deceased had a right of recovery for the injuries *at the time of his death*, and there is no right in the administrator to maintain an action unless the deceased had the right to sue *at the time of his death*." (Emphasis added.) (239 Ill. 414, 423.)

In that case, the decedent had been injured on May 5, 1903. After the accident, he executed an instrument of release in satisfaction for the damages resulting from the accident, acknowledging full satisfaction of all claims against his employer on account of the injuries sustained. His

employer made the payments specified in the release. The decedent died on May 23, 1903. The supreme court stated that if the decedent had released the cause of action, the Wrongful Death Act did not confer upon the administrator any right to sue and held that an instruction was erroneous in ignoring the affirmative defense of release.

Similarly, in *Biddy v. Blue Bird Air Service* (1940), 374 Ill. 506, 30 N.E.2d 14, the court stated:

> "[T]he liability there created [by section one of the Wrongful Death Act] depends upon the condition that the deceased, at the time of his death, had he continued to live, would have had a right of action against the same person or persons for the injuries sustained. *If the deceased had no right of action at the time of his death, the personal representative has none under the Injuries Act.*" (Emphasis added.) (374 Ill. 506, 513-14.)

In *Biddy*, the plaintiff had brought an action under our Injuries Act (also known as the Wrongful Death Act) and alleged that negligence of the defendants in the operation of an airplane was the cause of the decedent's death. The decedent and his employer had elected to be bound by the Workmen's Compensation Act of the State of Michigan. Under that act, the decedent, had he lived, would have been required to elect whether he would demand compensation from his employer or sue the defendants in an action at law for damages. The court stated:

> "Had he [decedent] survived the accident and made the election to accept compensation and later died from the injuries, the plaintiff could not now maintain this action, for at the time of her intestate's death he had no cause of action against the defendants." (374 Ill. 506, 514.)

But Biddy died without having made that election. The court held that when the decedent's dependents elected to claim compensation from his employer under the Michigan law, they became bound by the provisions of that act and that the trial court erred in sustaining the plaintiff's motion to strike the defendants' defense setting up the Michigan statute. The court stated: "Plaintiff has no greater right to maintain an action against the defendants under the Injuries statute than Biddy [decedent] would have had if he had lived." 374 Ill. 506, 515.

■■ On the authority of these cases, we conclude that there can be no recovery under our Wrongful Death Act where the decedent once had a cause of action, but was not entitled to maintain that action and recover damages at the time of his death. (See also *Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 613, 131 N.E.2d 525; *Howlett v. Doglio* (1949), 402 Ill. 311, 319, 83 N.E.2d 708; *Clarke v. Storchak* (1943), 384 Ill. 564, 571-72, 52 N.E.2d 229, *appeal dismissed* (1944), 322 U.S. 713, 88 L. Ed. 1555, 64 S. Ct. 1270;

*Little v. Blue Goose Motor Coach Co.* (1931), 346 Ill. 266, 271, 178 N.E. 496.)[1] We further conclude that since the decedent in the case at bar was not entitled to maintain an action and recover damages for his injury at the time of his death, because the two-year personal injury statute of limitations had run, his administrator cannot now maintain this action for wrongful death.

The only Illinois case cited by the parties which reached the precise question presented is *Donnelly v. Chicago City Ry. Co.* (1911), 163 Ill. App. 7. That case arose out of a collision on May 29, 1897, between a hose carriage and an electric car. Plaintiff's intestate was thrown to the ground and received an injury to his head. He died on May 7, 1900, allegedly as a result of this injury. Suit was brought on May 6, 1902, and subsequently, judgment was entered upon a verdict of $5,000. On appeal it was argued that the suit was barred by the statute of limitations. The court found that no assignment of error was based specifically upon the proposition that the suit was barred by the statute of limitations and held that since the error was not raised by any assignment of error, it was not open to review. The court proceeded, however, to conclude that even if the error was well assigned, there was no merit in the contention. In that court's opinion, "the only limitation on the right of the personal representative of the injured person to sue is that contained in the [wrongful death] act which gives the right to the personal representative to sue, namely two years * * * from the date of the death of the person injured." (163 Ill. App. 7, 15.) The court expressed its rationale in the following words:

> "In our opinion, this language [of section one of the Wrongful Death Act] refers to the right of the injured person as it existed immediately after the accident and not to the situation as it would exist more than two years after the accident, when the right of the injured party had expired by the limitation. The action for the death is different from the action by the injured man himself, in this, that two things must exist; the injury must have been sustained because of the neglect or default of the defendant, and the person injured must have died. It is not until death occurs that the right of

---

[1] We recognize that this conclusion is not consistent with Prosser's interpretation of the death acts. Prosser states:

"It is not at all clear, however, that such provisions of the death acts ever were intended to prevent recovery where the deceased once had a cause of action, but it has terminated before his death. The more reasonable interpretation would seem to be that they are directed at the necessity of some original tort on the part of the defendant, under circumstances giving rise to liability in the first instance, rather than to subsequent changes in the situation affecting only the interest of the decedent." (Prosser, Torts §127, at 911 (4th ed. 1971).)

In our opinion, our supreme court's decision in *Mooney* and *Biddy* prevent us from taking this position. See also Annot., 167 A.L.R. 894, 899-903 (1947).

action in the widow and next of kin through the administrator exists." 163 Ill. App. 7, 15.

We do not follow the decision in *Donnelly* for three reasons. First, the *Donnelly* court's analysis of the question presented in this appeal is obiter dicta. Secondly, the aforementioned rationale of the *Donnelly* court is inconsistent with our supreme court's opinions in *Mooney* and *Biddy*, which require in wrongful death actions that the decedent have a right of action and recovery at the time of his death. Thirdly, policies promoted by statutes of limitations would be undermined if we were to follow *Donnelly*. The primary purpose of limitation periods, according to our supreme court, is "to require the prosecution of a right of action within a reasonable time to prevent the loss or impairment of available evidence and to discourage delay in the bringing of claims." (*Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill. 2d 129, 132, 334 N.E.2d 160.) In this way, statutes of limitations attempt "to insure that a defendant will have a reasonable opportunity to investigate a claim and prepare a defense within a time period in which facts are still accessible and witnesses are still available." (*Lind v. Zekman* (1979), 77 Ill. App. 3d 432, 435, 395 N.E.2d 964.) These policy considerations apply with equal validity whether the plaintiff is an injured party or his personal representative.

Plaintiff relies on *Herget National Bank v. Berardi* (1976), 64 Ill. 2d 467, 356 N.E.2d 529, and *Welch v. Davis* (1951), 410 Ill. 130, 101 N.E.2d 547. Both cases involved actions by the administrator for the estate of the wife against the executor for the estate of the husband. In *Berardi*, an airplane piloted by the husband crashed and his wife was a passenger. Both died. In *Welch*, the husband shot his wife and then shot and killed himself. His wife died a few minutes later. In each case, the court held that the administrtor of the wife's estate may maintain an action for wrongful death despite the immunity from suit by virtue of the marital relationship. The apparent rationale for these decisions is that actions brought for the benefit of surviving children of the deceased mother were not within the contemplation of the rule that a wife cannot sue her husband. From these cases, plaintiff argues: "Defenses which would have existed against a decedent, if death had not ensued, do not necessarily exist against his personal representative." She, however, fails to show how these cases affect the defense of the statute of limitations, and we do not find them dispositive of the question presented. Furthermore, neither of these cases attempted to overrule *Biddy* or *Mooney*.

Plaintiff also relies upon *Wilson v. Tromly* (1949), 404 Ill. 307, 89 N.E.2d 22, and *Metropolitan Trust Co. v. Bowman Dairy Co.* (1938), 369 Ill. 222, 15 N.E.2d 838. Neither case involves a fact situation or issue even

remotely similar to the instant case. *Wilson* held that a counterclaim filed under the Wrongful Death Act was barred by the time limitation of that act even though filed within the time fixed by law for filing defensive pleadings. *Bowman Dairy Co.* held that an amended complaint filed under the Wrongful Death Act was governed by its time limitation but not barred thereby where the amendment met all the requirements of section 46 of the Civil Practice Act, and therefore related back to the original complaint which was filed within that time. In the case at bar, unlike *Wilson* and *Bowman Dairy Co.*, the time requirement of the Wrongful Death Act was clearly met. Here plaintiff argues that the time limitation contained in the Wrongful Death Act is the *only* limitation on the right of the personal representative of the injured person to sue. These cases do not support this argument.

■■ At oral argument of this case, a question arose concerning the nature of the statute of limitations as an affirmative defense. An argument was made that until a defendant raises the affirmative defense of the statute of limitations, the plaintiff can maintain his action even though it appears that the action is barred by such statute. The argument apparently continues that the decedent's action was not barred at the time of his death because the statute of limitations was never raised. We agree that the statute of limitations is not at issue until it is raised by the defendant as an affirmative defense. (*Cutsinger v. Cullinan* (1979), 72 Ill. App. 3d 527, 531, 391 N.E.2d 177.) However, we do not find this argument persuasive. *Mooney v. City of Chicago*, discussed above, involved the defense of release which is also an affirmative defense. (*Mooney v. City of Chicago* (1909), 239 Ill. 414, 422; Ill. Rev. Stat. 1975, ch. 110, par. 43(4).) As an affirmative defense, a release must be raised in the trial court pleadings, and if it is not properly pleaded, it is deemed waived. (See *Alco Standard Corp v. F. & B. Manufacturing Co.* (1970), 132 Ill. App. 2d 24, 28, 265 N.E.2d 507, *modified on appeal* (1972), 51 Ill. 2d 186.) We, therefore, conclude that the classification of the statute of limitations as an affirmative defense is of no consequence.

We also note that a statute of limitations is generally considered to affect the remedy only, and not a substantive right. (*Fender v. St. Louis Southwestern Ry. Co.* (1979), 73 Ill. App. 3d 522, 526, 392 N.E.2d 82; *Cook v. Britt* (1972), 8 Ill. App. 3d 674, 676, 290 N.E.2d 908.) In this, the statute of limitations may be distinguishable from a release. However, our concern is only whether the decedent was entitled to maintain an action and recover damages at the time of his death. For the purpose of this inquiry, we find no reason to distinguish the defense of release from the defense of the statute of limitations.

■■ In sum, we conclude that the expiration, in the decedent's lifetime, of

the limitation period applicable to his action for personal injuries will defeat a wrongful-death action for his death resulting from the injuries. Therefore, we need not address the second question raised in this appeal concerning governmental immunity.

For the reasons stated above, the order of the circuit court of Cook County is reversed.

Reversed.

McNAMARA, J., concurs.

JUSTICE RIZZI, dissenting:

I respectfully dissent from the conclusion of the majority that the statute of limitations for bringing a personal injury action is controlling in an action brought pursuant to the Wrongful Death Act. In my opinion, the period of limitation for bringing an action under the Wrongful Death Act is controlled solely by the period of limitation contained in the Act itself, which specifically states that every such action shall be commenced within two years after the death of the decedent. (Ill. Rev. Stat. 1979, ch. 70, par. 2.) Therefore, in the present case, since the suit was filed under the Wrongful Death Act and was commenced within two years after the death of the decedent, I would affirm the trial judge's order denying defendant's motion for summary judgment based on the statute of limitations for bringing a personal injury action.

I believe the majority in this case is interpreting the Wrongful Death Act as if it is a survival action type of death statute, which it is not. Under a survival action type of death statute, which merely continues the decedent's own cause of action beyond his death and enhances it with damages for the death, it is readily apparent that any defense, including the statute of limitations, which might have been set up against the decedent if he had lived is still available to the defendant. (Prosser, Torts §127, at 910 (4th ed. 1971).) However, a Wrongful Death Act is markedly different. A Wrongful Death Act does not continue the decedent's own cause of action. Rather, it creates a separate and independent cause of action unknown to the common law, which by its nature does not come into existence until the death occurs and which is for the exclusive benefit of the surviving spouse and next of kin of the decedent. (Ill. Rev. Stat. 1979, ch. 70, par. 2.) It follows that if a suit brought under the Wrongful Death Act is commenced within two years after the death of the decedent, it should not be dismissed merely because it was not filed within two years from the date of the accident.

Section 1 of the Wrongful Death Act states:

Whenever *the death of a person shall be caused* by wrongful act
* * * *and the act* * * * *is such as would,* if death had not ensued,
have entitled the party injured to maintain an action and recover
damages *. * * then * * * in * * * such case the person who
* * * would have been liable if death had not ensued, shall be
liable to an action for damages. (Emphasis added.) Ill. Rev. Stat.
1979, ch. 70, par. 1.

I believe the language in section 1 of the Act which states that
"[w]henever the death of a person shall be caused by wrongful act * * *
and the act * * * is such as would, if death had not ensued, have entitled
the party injured to maintain an action and recover damages" relates
solely to the character of the defendant's act causing the death. In other
words, in order to recover under the Act, there must have been a legally
recognized tortious act committed by the defendant that caused the
decedent's death.

I believe the remaining language in section 1 of the Act, which
provides that "the person who * * * would have been liable if death had
not ensued, shall be liable to an action for damages," relates to the fact
that at common law, and in Illinois prior to enactment of the Act, any
action for the recovery of damages for a tortious act abated if death
ensued, and *the person who would have been liable if death had not
ensued would not have been liable to anyone in an action for damages.*
The language in section 1 of the Act simply changes that common law
principle *so that the person who would not have been liable if death had
ensued* now is "liable to an action for damages" without regard to the
question of the time of suit or death. This interpretation and reasoning is
consistent with the fact that the time limitation for filing a suit, *i.e.,* two
years after the death, is clearly expressed in another part of the Act. Ill.
Rev. Stat. 1979, ch. 70, par. 2.

The majority's interpretation of the Act fails to distinguish and apply
the underlying differences between a Wrongful Death Act and a survival
action type of death statute. As a result, the majority concludes that the
language of the Wrongful Death Act requires that at the time the suit is
filed, the decedent must have been entitled to have maintained an action
had death not ensued. However, the majority's conclusion and interpreta-
tion of the Act was unequivocally rejected by the supreme court in *Herget
National Bank v. Berardi* (1976), 64 Ill. 2d 467, 356 N.E.2d 529. The
*Herget* court stated and held:

"*The defendant contends that* since the Married Woman's Act
prohibits one spouse from suing the other for a tort committed
during coverture, *the present action is barred, because the language
of the Wrongful Death Act requires that in order to bring the*

*statutory action the party would have had to have been entitled to have maintained an action had death not ensued. The parties agree that Mrs. Petri could not have maintained an action against her husband or his estate had she survived the crash.*

\* \* \*

\* \* \* [I]n *Welch v. Davis*, 410 Ill. 130, \* \* \* [t]he husband \* \* \* shot and killed his wife and immediately thereafter \* \* \* killed himself. Although the court recognized that a husband retained an immunity from liability (410 Ill. 130, 134), it judged it would not bar the action. *The court observed, as in the case here, that neither the husband nor wife was a party to the suit but instead, the wife's administrator was asserting the independent rights of the wife's surviving child against the husband's executor.* 410 Ill. 130, 133-34.

\* \* \*

We consider \* \* \* that the dismissal by the circuit court was erroneous." (Emphasis added.) 64 Ill. 2d 467, 470-72, 356 N.E.2d 529, 531-32.

To support its position, the majority relies upon *Mooney v. City of Chicago* (1909), 239 Ill. 414, 88 N.E. 194, and *Biddy v. Blue Bird Air Service* (1940), 374 Ill. 506, 30 N.E.2d 14. However, both of those cases predate *Herget*, and the statements in *Mooney* and *Biddy* that are relied upon by the majority here are inconsistent with the opinion in *Herget*. I believe we should be following *Herget*. Moreover, the precise issue involved in this case was discussed in *Donnelly v. Chicago City Ry. Co.* (1911), 163 Ill. App. 7. The *Donnelly* court stated:

"The second section [of the Wrongful Death Act] after reciting that the amount recovered shall be for the exclusive benefit of the widow and next of kin of the deceased, had, at the time the suit before us was brought, a provision that 'every such action shall be commenced within two years after the death of such person.' In the motion for rehearing the appellant urges upon us that inasmuch as it appears on the face of the declaration that more than two years elapsed from the time of the alleged injury to the bringing of this action, and that between the time of the alleged injury and Wren's death more than two years elapsed, his right of recovery for damages for such injury had been defeated by the operation of the limitation statute, and hence the right of his personal representative to recover was also defeated. In other words, their contention is that if a person is injured through the negligence of another and death does not ensue for two years after the date of the accident, there can be no recovery by the personal representative of the

deceased. We do not so construe the statute. The language is, 'Whenever the death of a person shall be caused by the wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then,' etc.

In our opinion, this language refers to the right of the injured person as it existed immediately after the accident and not to the situation as it would exist more than two years after the accident, when the right of the injured party had expired by the limitation. The action for the death is different from the action by the injured man himself, in this, that two things must exist; the injury must have been sustained because of the neglect or default of the defendant; and the person injured must have died. It is not until death occurs that the right of action in the widow and next of kin through the administrator exists.

We hold, therefore, that the only limitation on the right of the personal representative of the injured person to sue is that contained in the act which gives the right to the personal representative to sue, namely two years * * * from the date of the death of the person injured. In other words, as stated in Prouty v. City of Chicago, 250 Ill. 223, *the right of action is statutory and not a survival of decedent's right of action for personal injury."* (Emphasis added.) 163 Ill. App. 7, 14-16.

In its opinion, the majority refuses to accept what is stated in *Donnelly* because "policies promoted by statutes of limitations would be undermined if we were to follow *Donnelly*," and these "policy considerations apply with equal validity whether the plaintiff is an injured party or his personal representative." To me, this case does not involve policy considerations for two statutes of limitations. This is not a personal injury action. It is solely a wrongful death action, and there is a single statute of limitations in the case, which is two years from the date of death. Ill. Rev. Stat. 1979, ch. 70, par. 2.

Moreover, the policy considerations stated by the majority are simply not applicable here. As an example, the majority states, "The primary purpose of limitation periods * * * is * * * 'to discourage delay in the bringing of claims.' " However, a wrongful death action, by its nature, cannot be brought until the death occurs. Clearly, plaintiff in this case did not delay in the bringing of this suit. Also, the majority states that "statutes of limitations attempt 'to insure that a defendant will have a reasonable opportunity to investigate a claim and prepare a defense within a time period in which facts are still accessible and witnesses are still available.' " On balance, I do not see why this policy consideration should bar plain-

tiff's action in the present case.[1] Plaintiff has the burden of proof. Although plaintiff filed her suit within two years after the date of death as required by the statute, if there is no reasonable opportunity to investigate the claim or prepare a case within a time period in which facts are still accessible and witnesses are still available, plaintiff will not be able to prove her case. On the other hand, if she can prove her case, it would be unfair to hold that her action should nevertheless be barred.

Finally, the position taken by the majorty in this case is contrary to the position taken by most courts which have considered the question. In Prosser, Torts §127, at 912-13 (4th ed. 1971), it is stated:

> "As to the defense of the statute of limitations, * * * the considerable majority of the courts have held that the statute runs against the death action only from the date of death, even though at that time the decedent's own action would have been barred while he was living. Only a few courts hold that it runs from the time of the original injury, and consequently that the death action may be lost before it ever has accrued."

I agree with the considerable majority of courts which have held that the statute of limitations for filing a wrongful death action runs only from the date of death. Thus, I believe that the only time limitation for filing an action under the Wrongful Death Act should be as provided in section 2 of the Act, *i.e.*, within two years after the death.

Accordingly, I dissent from the majority. I would affirm the trial judge's order denying defendant's motion for summary judgment based on the statute of limitations for bringing a personal injury action.

---

[1] On this same point, I note that in other types of cases, tort liability has not been barred because the alleged wrongful conduct occurred long before the resultant injury when duty and causation can be established. (See *Renslow v. Mennonite Hospital* (1977), 67 Ill. 2d 348, 350, 367 N.E.2d 1250, 1251.) The *Renslow* court stated:

> "The problem of defending stale claims is also asserted by defendants. They remind us that it is possible that a woman, herself a child when injured by the tortfeasor, could late in life bear an injured child, and that this child, under the present statute of limitations, could wait until majority to bring suit. We think the likelihood of these circumstances occurring is not sufficient reason to bar all suits for reasonably foreseeable injury from preconception torts. Furthermore, the potential for a stale claim is inherent in the extended statute of limitations for a minor's personal injury action and in our adoption of the discovery rule in certain areas." 67 Ill. 2d 348, 358, 367 N.E.2d 1250, 1255.