JEARL KESSINGER, JR., Special Adm'r of the Estate of Jearl Kessinger, Sr., Deceased, Plaintiff-Appellant, v. GREFCO, INC., et al., Defendants-Appellees.

Fourth District   No. 4—93—0183

Argued August 24, 1993.—Opinion filed November 15, 1993.

James Wylder (argued), of James Walker, Ltd., of Bloomington, for appellant.

Edward D. D'Arcy, Jr. (argued), of Johnson & Bell, Ltd., of Chicago, for appellees.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff Jearl Kessinger, Jr., special administrator of the estate of Jearl Kessinger, Sr. (deceased), appeals from an order of the circuit court of McLean County which dismissed the wrongful death action against defendant Grefco, Inc. (hereinafter defendant), with prejudice, finding a prior judgment obtained against it by the deceased during his lifetime barred the action. We affirm.

On October 28, 1992, plaintiff was appointed special administrator of the estate of Jearl Kessinger, Sr., his father. On that same day, plaintiff filed a two-count complaint, in his capacity as special administrator, against defendant and Cape Industries, PLC, and Joan Holtze.

Count I was a wrongful death count directed solely at defendant. It alleged defendant sold diatomaceous earth, an ingredient in pipe covering and cardboard insulation products, to decedent's employer, Union Asbestos and Rubber Company, of Bloomington, Illinois, to which decedent was exposed between 1953 and 1967. It further alleged decedent contracted fibrosis of the lungs as a result of this exposure. It also contended defendant sold the diatomaceous earth knowing exposure to its particles would cause fibrosis of the lungs and knew the plant workers were unaware of the hazardous properties of the material. Defendant was cited as being negligent by (1) failing to warn decedent exposure to the diatomaceous earth caused fibrosis of the lungs and (2) failing to provide decedent with instructions as to safe methods of handling and processing the material. This negligence of defendant was alleged to have been the proximate cause of decedent's death. Decedent died on October 28, 1990. As a result of decedent's death, plaintiff alleged he and his brother, Tracy Kessinger, suffered pecuniary losses. Count II of the complaint was directed solely at Joan Holtze and Cape Industries, PLC.

In response to plaintiff's complaint, defendant filed a motion for involuntary dismissal of plaintiff's action, pursuant to section 2–619 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2–619). Defendant contended in 1985 decedent brought a products liability action against it, seeking to recover damages for lung problems allegedly caused by exposure to the diatomaceous earth manufactured by it. A jury later found defendant liable to decedent in the amount of $275,000, which was reduced to $260,000 because of a prior settlement between decedent and Raymark Industries, Inc. On appeal, the Federal Court of Appeals entered judgment on the jury verdict in favor of decedent, finding the evidence supported a conclusion defendant breached its duty to warn decedent. (See *Kessinger v. Grefco, Inc.* (7th Cir. 1989), 875 F.2d 153.) The judgment was satisfied in 1989. Because decedent brought a suit against defendant during his lifetime for his injuries and received a verdict in his favor, defendant contended decedent would be precluded by principles of *res judicata* from bringing a similar suit had he lived, and, therefore, plaintiff was precluded from bringing the instant action.

By order dated February 11, 1993, the court granted defendant's motion to dismiss, finding the previous judgment obtained by decedent against defendant for injuries sustained by his exposure to diatomaceous earth barred the wrongful death action based on the same exposure. It further made a finding pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), stating there was no just reason to delay enforcement or appeal of this order. This appeal followed.

The single issue presented is whether the judgment entered in the personal injury action against defendant in favor of decedent during his lifetime bars the instant wrongful death action.

At common law there was no cause of action to recover damages for the wrongful death of a decedent, and there is no such action presently, except as provided by the legislature. (*Li Petri v. Turner Construction Co.* (1967), 36 Ill. 2d 597, 600, 224 N.E.2d 841, 843; *Wilbon v. D.F. Bast Co.* (1978), 73 Ill. 2d 58, 61, 382 N.E.2d 784, 785.) Also, at common law a decedent's cause of action for negligence abated upon death. (*National Bank v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 160, 172, 383 N.E.2d 919, 923.) In 1853, the legislature enacted the Wrongful Death Act (Act) (see Ill. Rev. Stat. 1991, ch. 70, par. 0.01 *et seq.*) and created an independent cause of action for damages arising from decedent's death caused by wrongful act, neglect or default. (Ill. Rev. Stat. 1991, ch. 70, par. 1; *Fountas v. Breed* (1983), 118 Ill. App. 3d 669, 672, 455 N.E.2d 200, 203.) Its purpose is to compensate the surviving spouse and next of kin for the pe-

cuniary losses sustained due to decedent's death. (*In re Estate of Finley* (1992), 151 Ill. 2d 95, 101, 601 N.E.2d 699, 701.) Although the action is to be brought under the Act by and in the name of the personal representative of the deceased person, the legislative intent of the Act is that the claims brought are those of the individual beneficiaries. *Mitchell v. United Asbestos Corp.* (1981), 100 Ill. App. 3d 485, 502, 426 N.E.2d 350, 362; *Wilbon*, 73 Ill. 2d at 68, 382 N.E.2d at 788.

Because there was no cause of action for wrongful death at common law, the wrongful death statute is the source of determining who shall sue and under what conditions. (*Forthenberry v. Franciscan Sisters Health Care Corp.* (1987), 156 Ill. App. 3d 634, 636, 509 N.E.2d 166, 167; *Johnson v. Village of Libertyville* (1986), 150 Ill. App. 3d 971, 973, 502 N.E.2d 474, 476.) Under general rules of statutory construction, statutes in derogation of common law are to be strictly construed and nothing is to be read into them by intendment or implication. *Summers v. Summers* (1968), 40 Ill. 2d 338, 342, 239 N.E.2d 795, 798; see *Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1983), 95 Ill. 2d 211, 220, 447 N.E.2d 394, 399.

The dispute at hand essentially involves the construction and interpretation of section 1 of the Act, which provides:

"Whenever the death of a person shall be caused by wrongful act, neglect or default, and *the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof,* then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 70, par. 1.

The language of this section has been construed in several Illinois Supreme Court cases. In *Mooney v. City of Chicago* (1909), 239 Ill. 414, 423, 88 N.E. 194, 196, the court stated:

"The statute gives a right unknown to the common law in cases where the wrongful act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages. One condition upon which the statutory liability depends is that the deceased had a right of recovery for the injuries *at the time of his death,* and there is no right in the administrator to maintain an action unless the deceased had the right to sue *at the time of his death.* There being but one cause of action there can be but one recov-

ery, and if [the deceased] had released the cause of action the statute does not confer upon his administrator any right to sue." (Emphasis added.)

In that case, the decedent had been injured on May 5, 1903. After the accident, he executed an instrument of release in satisfaction of the damages attributed to the accident, acknowledging full satisfaction of all claims against his employer on account of the injuries sustained, and received full payment prior to his dying on May 23, 1903. The supreme court maintained if decedent had released the cause of action, the administrator had no right to sue under the Act and held an instruction was erroneous in ignoring the affirmative defense of release.

Similarly, in *Biddy v. Blue Bird Air Service* (1940), 374 Ill. 506, 513-14, 30 N.E.2d 14, 18, the court stated:

"[T]he liability *** created [by section 1 of the Act] depends upon the condition that the deceased, at the time of his death, had he continued to live, would have had a right of action against the same person or persons for the injuries sustained. *If the deceased had no right of action at the time of his death, the personal representative has none under the [Act]*." (Emphasis added.)

In *Biddy*, plaintiff brought an action under the injuries act (Ill. Rev. Stat. 1939, ch. 70, pars. 1, 2 (predecessor to the Act)) and alleged defendants' negligence in the operation of the airplane was the cause of decedent's death. Prior to decedent's death, he and his employer had elected to be bound by the Workmen's Compensation Act of the State of Michigan. Under the Michigan act, the decedent, had he lived, could have elected whether to demand compensation from his employer or sue defendants in an action for damages. The court stated:

"Had he [(decedent)] survived the accident and made the election to accept compensation and later died from the injuries, the plaintiff could not now maintain this action, for at the time of her intestate's death he had no cause of action against the defendants." (*Biddy*, 374 Ill. at 514, 30 N.E.2d at 18.)

Decedent died, however, without having made an election. Since the decedent's dependents chose to accept compensation from his employer under the Michigan law, the supreme court held they were bound by the provisions of that act, and the trial court erred in sustaining the plaintiff's motion to strike the defendant's defense setting up the Michigan statute. The court asserted plaintiff had no greater right to maintain an action against defendant under the act than dece-

dent would have had if he lived. *Biddy,* 374 Ill. 2d at 515, 30 N.E.2d at 19.

Appellate courts have likewise interpreted section 1 of the Act as requiring decedent to have a viable cause of action at the time of death in order for the next of kin to maintain a death action. In *Fountas,* the court asserted:

"While the language of the statute would seem to be oriented toward the question [of] whether the defendant's conduct gives rise to a cause of action, the statute has been interpreted to require that the decedent on the date of his death be able to bring a cause of action. [Citation.] Thus a release or accord and satisfaction by the deceased during his lifetime constitutes a defense to a wrongful death action. [Citation.] Likewise it has been held that if the deceased once had a claim but it was barred by limitations *on or before* the date of his death, a wrongful death action will not lie. [Citations.] But the controlling date is the date of his death. For example, the administrator may bring a wrongful death action even though the time to bring a survival action has expired. [Citation.]

*** *It is of course true that if a person brings a suit during his lifetime which lawsuit is adjudicated either for or against plaintiff during his or her lifetime, plaintiff cannot again bring the same action and thus a wrongful death action will not lie.* (*Little v. Blue Goose Motor Coach Co.* (1927), 244 Ill. App. 427.)" (Emphasis added.) *Fountas,* 118 Ill. App. 3d at 674, 455 N.E.2d at 204-05.

While these cases are factually distinguishable, it is clear there can be no recovery under the Act where decedent is barred from maintaining an action and recovering damages from defendant at the time of his death. (See also *Lambert v. Village of Summit* (1982), 104 Ill. App. 3d 1034, 1037, 433 N.E.2d 1016, 1019; *Real v. Kim* (1983), 112 Ill. App. 3d 427, 433, 445 N.E.2d 783, 787; *Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 613, 131 N.E.2d 525, 528; *Howlett v. Doglio* (1949), 402 Ill. 311, 319, 83 N.E.2d 708, 713; *Clarke v. Storchak* (1943), 384 Ill. 564, 571-72, 52 N.E.2d 229, 234; *Little v. Blue Goose Motor Coach Co.* (1931), 346 Ill. 266, 271, 178 N.E. 496, 498.) Although the supreme court in *Herget National Bank v. Berardi* (1976), 64 Ill. 2d 467, 356 N.E.2d 529, rejected such a contention and appeared to resurrect the notion a wrongful death claim is separate from a survival action, the holding there should be limited to its unusual facts, *i.e.,* the contemporaneous death of a husband and wife with the claim being asserted on behalf of the surviving children.

Decedent must have a viable cause of action at death, and the application of the principle is clearly exemplified in cases where the expiration of the limitations period during decedent's life bars a later death action. (*Malinowski v. Mullangi* (1991), 223 Ill. App. 3d 1037, 586 N.E.2d 323 (held, where parent's medical malpractice claim was barred before he died under statute of repose, based on passage of four years from the alleged negligence, wrongful death action was also barred); *Real*, 112 Ill. App. 3d at 432-34, 445 N.E.2d at 787-88 (an action under Act could not be maintained where, on date of his death, patient would have been barred from bringing action on acts which reportedly caused his death); *Lambert*, 104 Ill. App. 3d 1034, 433 N.E.2d 1016 (held, since deceased was not entitled to maintain an action and recover damages for his injury at the time of his death because two-year personal injury statute of limitations had run, his administrator could not maintain action for wrongful death); *cf. Wolfe v. Westlake Community Hospital* (1988), 173 Ill. App. 3d 608, 527 N.E.2d 912 (where limitations period on decedent's medical malpractice action had not expired at time wrongful death action was filed or action was within two years of decedent's death, wrongful death action was not time barred).) It is also shown in cases where decedent has executed a release in satisfaction of his injuries. *Mooney*, 239 Ill. at 423, 88 N.E. at 196; *Biddy*, 374 Ill. at 514, 30 N.E.2d at 18.

While our research does not reveal any Illinois case which has barred a death action because decedent, during his lifetime, recovered against defendant for his injuries and later died as a result of the same injury, the fact remains under the Act decedent must have been able to maintain an action against defendant for his injuries had death not ensued. As previously explained, decedent brought a personal injury action against defendant prior to his death for lung problems caused by exposure to diatomaceous earth manufactured and sold to decedent's employer by defendant. A jury found defendant liable for decedent's injuries and awarded him damages. On appeal, the judgment was affirmed. Because of this recovery, decedent could not have maintained a second action against defendant for his injuries during his lifetime. Since decedent could not have maintained an action against defendant for his injuries if he lived, the present action for wrongful death cannot be maintained. See *Schlavick v. Manhattan Brewing Co.* (N.D. Ill. 1952), 103 F. Supp. 744, 746; W. Keeton, Prosser & Keeton on Torts §127, at 955 (5th ed. 1984) ("[A] judgment for or against the decedent in an action for his injuries commenced during his lifetime, or the compromise and release of such an action, will operate as a bar to any subsequent suit founded upon his death.

The wrongful death action for the benefit of survivors is, like other actions based on injuries to others, derivative in nature, arising out of and dependent upon the wrong done to the injured person and thus barred when his claim would be barred"); *Mellon v. Goodyear* (1928), 277 U.S. 335, 72 L. Ed. 906, 48 S. Ct. 541 (Supreme Court held a settlement and release of all claims entered into by an injured employee under the Federal Employers' Liability Act (citing 35 Stat. 65 (1908); 36 Stat. 291 (1910)) barred a subsequent wrongful death action by his survivors); see also *Little*, 346 Ill. at 271, 178 N.E. at 498 (where the court found since the issue of negligence was decided adversely to decedent in a property damage suit, at the time of his death decedent could not have maintained a personal injury action and, consequently, the administrator of his estate was barred from maintaining a wrongful death action).

The vast majority of other jurisdictions having legislation including the phrase "if death had not ensued" have similarly held a settlement by the injured party or a suit reduced to judgment during the lifetime of the injured party barred a later suit by the next of kin. *Simmons First National Bank v. Abbott* (1986), 288 Ark. 304, 307-08, 705 S.W.2d 3, 5, citing *Woodward Iron Co. v. Craig* (1951), 256 Ala. 37, 53 So. 2d 586; *Walrod v. Southern Pacific Co.* (9th Cir. 1971), 447 F.2d 930; *Kling v. Torello* (1913), 87 Conn. 301, 87 A. 987; *Perry v. Philadelphia, Baltimore & Washington R.R. Co.* (1910), 24 Del. (1 Boyce) 399, 77 A. 725; *Variety Children's Hospital v. Perkins* (Fla. 1983), 445 So. 2d 1010; *Perry's Adm'r v. Louisville & N.R. Co.* (1923), 199 Ky. 396, 251 S.W. 202; *Harris v. Illinois Central R.R. Co.* (1916), 111 Miss. 623, 71 So. 878; *Schmelzer v. Central Furniture Co.* (1913), 252 Mo. 12, 158 S.W. 353; *Kelliher v. New York Central & Hudson River R.R. Co.* (1914), 212 N.Y. 207, 105 N.E. 824; *Edwards v. Interstate Chemical Corp.* (1916), 170 N.C. 551, 87 S.E. 635; *McCafferty v. Pennsylvania R.R. Co.* (1899), 193 Pa. 339, 44 A. 435; *Price v. R.R. Co.* (1890), 33 S.C. 556, 12 S.E. 413; *St. Louis Southwestern R.R. Co. v. Hengst* (1904), 36 Tex. Civ. App. 217, 81 S.W. 832; *Legg v. Britton* (1892), 64 Vt. 652, 24 A. 1016; *Virginia Electric & Power Co. v. Decatur* (1939), 173 Va. 153, 3 S.E.2d 172; *Frescoln v. Puget Sound Traction, Light & Power Co.* (W.D. Wash. 1915), 225 F. 441.

Although courts recognize the wrongful death action as an independent cause of action which does not arise until after death, the action is derivative of the injury to the decedent and is grounded on the same wrongful act of defendant whether it was prosecuted by the injured party during his lifetime or by a representative of the estate.

The remedy depends upon the existence, in the decedent, at the time of his death, of a right of action to recover for such injury. A suit adjudicated in his favor precludes decedent from maintaining a subsequent action for the same injuries. Consequently, plaintiff's action for wrongful death is barred. While plaintiff's argument—*i.e.*, the award which decedent received during his lifetime should not be allowed to prejudice the rights of the personal representative—is appealing on public policy grounds, it fails by virtue of the provisions of the Act.

In summary, section 1 of the Act is clear and unambiguous and precludes the present action based on the fact decedent was barred from maintaining an action for personal injuries against defendant at the time of his death because of the prior recovery.

For these reasons, the trial court's judgment is affirmed.

Affirmed.

COOK and GREEN, JJ., concur.